MARY F. POPE v. AMERICAN SURETY COMPANY OF NEW YORK.

Decided February 28, 1906.

1.—Written Instrument—General Denial—Evidence.

In an action against a defendant for breach of contract to erect a building and against a surety on his written guaranty of performance of such contract by the principal defendant, a general denial put in issue the contract of guaranty and made necessary its introduction in evidence, though a copy of such contract was made a part of plaintiff's petition as an exhibit, its execution was not denied under oath, it was referred to in the oral testimony without stating its terms, and its execution was admitted in a special plea, following the general denial, but seeking to attack it for fraud.

2.—Same.

Where the written instrument sued on and made a part of the petition by exhibiting a copy was not read in evidence a peremptory instruction to find for defendant was proper.

Appeal from the District Court of Travis County. Tried below before Hon. George Calhoun.

*Cochran & Penn,* for appellant.—The evidence on the trial showed, or tended to show, that plaintiff was entitled to a judgment against the defendant American Surety Company of New York, as well as against the defendant Hubbard, unless defeated by one of the three special defenses plead by said defendant American Surety Company of New York, and the evidence in support thereof.

*Geo. E. Shelley* and *Fiset & McClendon,* for appellee.—Appellant in failing to introduce in evidence the bond upon which she sued the Surety Company failed to make out a prima facie case against the Surety Company, and the court, therefore, properly instructed the jury to return a verdict in favor of said company. The fact that defendant Surety Company admitted in its answer that it only executed the bond in the capacity of surety and then sets up certain defenses which would relieve it from its obligation as surety, was not a waiver of its general denial, and did not relieve the plaintiff of the necessity of introducing the bond in evidence, or, in case of its loss or destruction, of accounting for same and proving its execution and contents. The admission by the defendant Surety Company in its answer that it only executed the bond as surety was not an admission that the purported copy of the bond attached to plaintiff's petition as an exhibit was in

fact a true copy of the bond that it executed, or correctly set out the terms of such bond, and, therefore, did not relieve the plaintiff of producing the bond in court, or of accounting for its absence and proving its contents and execution in case of non-production. Ft. Worth & D. C. Ry. Co. v. McAnulty, 26 S. W. Rep., 414; Erskine v. Wilson, 20 Texas, 78; Robinson v. Brinson, 20 Texas, 438.

KEY, Associate Justice.—Appellant brought this action to recover damages for the breach of a written contract alleged to have been executed by James A. Hubbard, as principal, and the American Surety Company of New York, as surety.

After hearing all the testimony, the court instructed a verdict for the plaintiff against Hubbard, and for the defendant Surety Company, and rendered judgment in accordance with the verdict.

The plaintiff has appealed and asserts that the trial court committed error when it peremptorily instructed a verdict for the Surety Company. That instruction was correct. The Surety Company interposed a general denial, thereby casting upon the plaintiff the necessity of producing and offering in evidence the written obligation sued on; and this was not done. The plaintiff alleged that a copy of the contract sued on, marked Exhibit "A," was attached to and made a part of her petition. Two contracts, neither being marked Exhibit "A," were attached to the petition, one signed by the plaintiff and Hubbard, and being for the erection of certain buildings by Hubbard for the plaintiff; while the other, which was signed by Hubbard as principal and the Surety Company as surety, obligated them for the faithful performance of the first contract. Neither of these contracts is in the statement of facts, but it is there recited that "the plaintiff read in evidence the contract between plaintiff and defendant Hubbard, which is not herein copied to save repetition." If that recital can be held to refer to either contract attached to plaintiff's petition, we think it must be restricted to the contract for the erection of the buildings, which was the only contract exclusively between the plaintiff and Hubbard and was not signed by the Surety Company. The obligation of the latter was fixed by the bond given to secure faithful performance by Hubbard of the first contract. There was testimony given by George E. Shelley, and other witnesses, showing that the Surety Company had executed a bond for Hubbard relating to his contract with the plaintiff; but none of the witnesses attempted to state the terms of the instrument referred to, nor was it identified by reference to the copy attached to the plaintiff's petition. We are not authorized to assume that the bond referred to by the witnesses was, in amount and other essential particulars, identical with the obligation described in the plaintiff's petition.

True it is, that in a special plea which followed the general denial of the Surety Company, it admitted the execution of that obligation; but that admission in no wise limited the scope and effect of the general denial, and can not be considered in support of the averments of plaintiff's petition. (Fowler v. Davenport, 21 Texas, 627; Duncan v. Magette, 25 Texas, 245; Express Printing Co. v. Copeland, 64 Texas, 354; Silliman v. Gano, 90 Texas, 637; Bauman v. Chambers, 91 Texas, 109; Hynes v. Packard, 92 Texas, 44.)

'Having failed to produce and put in evidence the written contract sued on, or prove its contents, the plaintiff, as a matter of law, was not entitled to recover anything from the Surety Company, and the court correctly instructed a verdict for it.

That the omission referred to was the fault of an attorney who no longer represents appellant, as is indicated by the record, is, of course, a circumstance of no importance in determining the questions involved in this appeal.

No error is shown and the judgment is affirmed.

*Affirmed.*