WEBB et al. v. REYNOLDS. (No. 20–2614.)

(Commission of Appeals of Texas, Section B. Jan. 15, 1919.)

1. JUDGMENT ☞104—DEFAULT—WITHDRAWAL AFTER APPEARANCE.

In suit on vendor's lien note and for foreclosure, tried before a special judge in absence of district judge, wherein defendants, after the overruling of their objections to election of special judge, withdrew from the courtroom with their counsel, a judgment against them by the special judge, treating their withdrawal as an abandonment of their defense, after hearing evidence and trying the case, would be treated as a judgment on trial, and not as a judgment by default.

2. EXECUTORS AND ADMINISTRATORS ☞158—ORDER OF COURT — "ANY PROPERTY" — "SALE."

Under Rev. St. 1911, art. 3480, forbidding the sale of any property of an estate by an administrator without an order of court, the term "any property" includes notes as well as all other kinds of property, and a valid assignment of a note is a "sale" of it passing the title to assignee.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Any; Sale.]

3. EVIDENCE ☞80(1)—STATUTE LAW OF OTHER STATE—PRESUMPTION AS TO SIMILARITY.

Without proof to the contrary, it will be presumed that the laws of Kentucky are the same as the laws of Texas (Rev. St. 1911, art. 3480), forbidding sale of any property of an estate without an order of the court authorizing a sale by executor or administrator.

4. BILLS AND NOTES ☞496(1)—SALE BY EXECUTOR OR ADMINISTRATOR — ORDER OF COURT—BURDEN OF PROOF.

In action upon vendor's lien note, where plaintiff's pleadings showed that it had been the property of an estate of which an administrator was appointed in Kentucky and been placed with a bank under an escrow agreement between one of the owners and the administrator, the burden was on plaintiff to show an order of court under Rev. St. 1911, art. 3480, authorizing a sale or assignment by administrator to him.

**5. EVIDENCE ☞568(1) — TRIAL ☞105(3) — ORDER OF COURT—WEIGHT OF OPINION EVIDENCE.**

In suit on vendor's lien note which had been property of an estate, plaintiff's burden of showing, as a condition to his right of action, an order of court under Rev. St. 1911, art. 3480, authorizing foreign administrator's sale or assignment thereof to him, was not sustained by his mere statement that he was the owner of the note, which was a bare conclusion or opinion, without basis of fact, and, though not objected to, it had no probative force.

**6. BILLS AND NOTES ☞485 — GENUINENESS OF INDORSEMENT — DENIAL UNDER OATH — STATUTE.**

Rev. St. 1911, art. 588, and article 1906, subd. 9, requiring a denial under oath of genuineness of indorsement or assignment of note, were not intended to dispense with proof of an administrator's authority to sell or assign, as such authority, under article 3480, depends upon an order of court, so that absence of any verified denial of administrator's assignment thereof to plaintiff did not dispense with proof of its validity.

**7. BILLS AND NOTES ☞488 — GENUINENESS OF WRITTEN INSTRUMENT — PRODUCTION — PLEADING.**

The absence of a sworn pleading questioning genuineness of a written instrument does not dispense with its production in court; and, where a written instrument is declared on and there is a general denial, it is necessary to establish plaintiff's case for him to offer the instrument in evidence.

**8. BILLS AND NOTES ☞524 — OWNERSHIP — PRODUCTION OF NOTE—PRESUMPTION.**

The rule that plaintiff's possession or production in court of a note sued on is prima facie evidence of ownership has no application, where the pleadings and evidence showed that he was not in possession of a note sued on, but that it was held in escrow, and that its production was procured by an order requiring it to be brought into court.

**9. BILLS AND NOTES ☞467(2)—ACTION—TITLE OF PLAINTIFF—PETITION—"TRANSFERRED."**

Petition in action on vendor's lien note, alleging the appointment of vendor's foreign administrator who transferred all notes to one S., and that note in suit was put in escrow by administrator and another did not allege title under S. or any ownership by S., and the word "transferred" meant the written indorsement thereon, and not a legal assignment and delivery, or that the transfer to S. postdated the escrow agreement.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Transferred.]

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by B. F. Reynolds against S. Webb and others. From a judgment of the Court of Civil Appeals, Second District (160 S. W. 152), affirming the trial court's judgment for plaintiff on appeal by defendants Webb and Hill, they bring error. Reversed, and cause remanded to district court for new trial.

A. A. Clark and J. A. King, both of Albany, and R. L. Allen, of Waco, for plaintiffs in error.

B. F. Thorp, of Throckmorton, and I. W. Stephens, of Ft. Worth, for defendant in error.

McCLENDON, J. B. F. Reynolds, claiming to be the owner by assignment from the administrator of Laura G. H. Torrence of note No. 2 of a series of four promissory vendor's lien notes, brought suit to recover the amount of note No. 2 and for foreclosure against S. Webb and L. H. Hill, makers, W. H. Stephens, owner of the other three notes of the series, the First National Bank of Albany, depository of note No. 2, under an escrow agreement between the administrator and Hill, one of the makers, and others, alleged to claim some interest in the land. The defendants last referred to were dismissed from the suit. Plaintiff recovered judgment against all remaining defendants. Webb and Hill alone appealed, and the Court of Civil Appeals (Second District), by a divided court, affirmed the judgment of the trial court. 160 S. W. 152.

We have concluded that the evidence is not sufficient to show ownership of note No. 2 in the plaintiff, and that, on that account, the cause should be remanded to the trial court for a new trial. We shall therefore only state such matters of pleading and evidence as seem to us essential to render intelligible our decision in this regard. For a further statement of the case we refer to the opinion of the Court of Civil Appeals.

[1] The regular district judge was disqualified, and at various times other judges had made orders in the case. The trial was had before a special judge, elected by the bar in the absence of the judge of the district. The defendants made objection to this election, and upon being overruled in these objections withdrew, with their counsel, from the courtroom, in the belief that the election was void, and that further participation by them in the proceedings would effect a waiver of their objections. Thereupon the judge entered a judgment by default against the bank, requiring it to produce in court note No. 2 and, as to the other defendants, proceeded to try the case, rendering judgment for the plaintiff as prayed for.

There is a statement of facts approved by the judge which is signed by counsel for plaintiff and defendants. Webb and Hill filed motion for new trial urging, among other grounds, that there was no competent evidence showing that the plaintiff was the owner of the note and entitled to maintain the suit.

When the defendants declined to recognize his authority and withdrew from the courtroom the judge treated this action as an abandonment of their defense, but, instead of entering judgment by default against them proceeded to hear evidence and try the case. We have reached the conclusion that under all the circumstances apparent from the record this judgment must be treated as a judgment on trial, and not as a judgment by default. The record shows that the defendants, Webb and Hill, were in court with answers filed and by attorneys right up to the time of trial of the case, and that they withdrew from the courtroom upon the belief that the election of the special judge was void, and that further participation by them in the proceedings would be a waiver of their rights. That the court was advised of the existence of their pleadings is evident from the record. We think, therefore, that this case is distinguishable from those in which judgment by default is entered after the filing of answer, where the fact of the existence of such answer is not brought to the attention of the court, and that it comes within the rule announced in Tally v. Thorn, 35 Tex. 727. In that case, which was a suit in trespass to try title, it was held that, the judgment itself showing that the defendant had on file an answer which was called to the attention of the court, it was error to render judgment by default and it was necessary, in order to maintain the judgment, for the plaintiff to prove his title. In the present case, whether the defendants were correct or not in withdrawing from the courtroom, we do not think that such withdrawal, under the circumstances, amounted to an abandonment of their pleadings. The right of plaintiff to bring the suit was raised by special exception, and immediately after the trial was again urged in a motion for new trial.

Plaintiff's first amended petition, upon which he went to trial, alleges: The conveyance of the land by Laura Torrence to Webb and Hill; the execution of the four vendor's lien notes; the death of Laura Torrence in Kentucky, where she had lived; the appointment of A. C. Hensley of Woodford, Ky., as administrator of her estate; "that all of said notes were transferred to the defendant W. H. Stephens by A. C. Hensley, administrator aforesaid, and that said defendant W. H. Stephens paid in full notes Nos. 1, 3, and 4 of said series, and the said defendant Stephens is now the legal owner and holder of said notes, Nos. 1, 3, and 4 of said series;" that note No. 2 was by agreement between the administrator and Webb deposited with the defendant bank in trust to be held until a claimed shortage in the land was determined, which agreement was also deposited with the bank. The agreement between Hill and the administrator was copied in full in the petition.

The petition further alleges certain facts as constituting a breach of this agreement on the part of Hill, and that the administrator had sold and conveyed to plaintiff, for a valuable consideration, said note No. 2, also all of the rights, choses in action, liens, and all other rights that said estate of Laura G. H. Torrence had in said note No. 2. It is further alleged that plaintiff acted as agent for the administrator in making the contract.

The answer of Webb and Hill, among other things, contains a special exception to the petition on the ground that it showed that plaintiff was not the owner of or entitled to sue on the note, and a general denial. The other matters in the answer are not pertinent to our disposition of the case.

[2, 3] Article 3480, Rev. St. 1911, provides:

"No sale of any property belonging to an estate shall be made by an executor or administrator without an order of the court authorizing the sale."

In Browne v. Fidelity & Deposit Co., 98 Tex. 55, 80 S. W. 593, it was held that the term "any property" in this statute embraces promissory notes as well as all other kinds of property, and that an assignment of a note is a sale of it which passes the title to the assignee if lawfully made. It is clear, therefore, that in order to establish ownership in the plaintiff there must have been a valid order of court, authorizing the administrator to sell the note. In the absence of proof to the contrary, it will be presumed that the laws of Kentucky in this regard are the same as the laws of Texas.

[4, 5] The only evidence in the statement of facts upon this matter is the testimony of plaintiff in the following language: "I am the owner of the note sued on." In view of plaintiff's own pleading, which affirmatively shows that the note was the property of the estate; that the administrator was appointed in Kentucky; that the note at the time of the trial was in possession of the bank under an escrow agreement between one of the owners and the administrator—it appears that in order to constitute plaintiff the owner of the note there must have been an order of the probate court, authorizing the sale or assignment by the administrator to him. The burden of proof was on the plaintiff to establish his right to sue; and, where his own pleadings show that that right was dependent on an order of court, we think it incumbent upon him to show by some competent testimony that such order was made. This burden was in no sense met by a mere statement of plaintiff that he was the owner of the note. Under the circumstances, such a statement was a bare conclusion or opinion of the witness without any basis of fact to show upon what the conclusion rested. The fact that it was not objected to could add nothing to its probative force. As was said in Henry v. Phillips, 105 Tex. 459, 151 S. W. 533:

"Incompetent testimony can never form the basis of a finding of facts in an appellate court, notwithstanding its presence in the record without objection. When the appellate court comes to apply the law to testimony constituting the facts of the case, it can only base its conclusion upon such testimony as is under the law competent. That which is not competent testimony should be given no probative force. The admission of such testimony is no talisman to give effect to that which is irrelevant and incompetent to sustain or deny a material issue in a case."

"In proving title, facts and circumstances must be shown that establish it. It cannot be established by the conclusion of a witness." Cullers v. Gray (Civ. App.) 57 S. W. 305.

In Gilbert v. Odum, 69 Tex. 673, 7 S. W. 510, it is held that title or want of title is a conclusion that the law draws from a given state of facts, and that it cannot be proved by the testimony of a party that he did or did not own any interest in the property.

We are aware that there are circumstances under which it is not improper to prove ownership of either real or personal property by testimony that a party is the owner thereof; and that, with regard to personal property, the rule generally is not so strict as regards real estate. But where the question of ownership is one of the vital issues in a case, and where, as in the present case, ownership depends upon an order of court, the testimony of a party that he is the owner of the property amounts to nothing more than a bare opinion or conclusion of the witness, and has no probative force whatever. Plaintiff could as readily have established his case by testifying that he was entitled to judgment.

[6, 7] It is contended that, under our statutes requiring certain pleadings to be sworn to; there being no verified pleading denying validity of the assignment to plaintiff, proof thereof was dispensed with. The statutes relating to this matter are Rev. St. 1911, arts. 588, 1906, subds. 8, 9, and article 3710, which for convenience are copied in an appendix below.

Subdivision 8 of article 1906 and article 3710, have no application to this case. Those articles relate to an instrument, note, assignment, or indorsement alleged to have been executed by a party to the suit or by his authority. The assignment relied upon by plaintiff was alleged to have been executed by the administrator who was not a party to the suit.

Article 588 and subdivision 9 of article 1906 require denial under oath of the genuineness of an indorsement or assignment of a note. It has been held under these statutes that it is necessary to deny under oath the genuineness of an indorsement or assignment by an agent in order to put in issue the question of the agent's authority, but we have not been cited to any case in Texas which holds that, in order to question the authority of an administrator, executor, or guardian to indorse or assign a note, such authority or genuineness of the indorsement must be denied under oath.

We do not believe that it was the purpose or intention of these statutes to dispense with proof of the authority of the administrator where such authority under our statutes, necessarily depends for any validity upon an order of court. But, in any event, it would be necessary, in our opinion, for the plaintiff to produce in evidence the assignment or indorsement of the administrator or account for its absence. This was not done. It has been repeatedly held in this state that the absence of a sworn pleading, questioning the genuineness of a written instrument, does not dispense with the production of the instrument in court; and where a written instrument is declared on in a petition, and there is a general denial, it is necessary, in order to establish plaintiff's case, for him to offer the instrument in evidence. Pope v. American Surety Co., 42 Tex. Civ. App. 152, 93 S. W. 480, and authorities there cited.

[8] It is further contended that ownership in plaintiff would be prima facie presumed by his production of the note. The cases holding that possession and production in court by plaintiff of a note sued on is prima facie evidence of ownership have no application to the facts in this case. The pleadings and evidence show that plaintiff was not in possession of the note, but that it was held by the bank in escrow, and that its production in court was procured by an order requiring the bank to bring it into court. No presumption of ownership in the plaintiff could arise from this state of facts.

[9] It is said by the majority of the Court of Civil Appeals:

"Nor was there any verified plea by appellant questioning the validity of the indorsement * * * to W. H. Stephens by the administrator, although such assignment of the note to Stephens and transfer from Stephens to plaintiff was alleged in the petition, in addition to another allegation that plaintiff acquired the note from the administrator."

That court draws therefrom the conclusion that Stephens, being a party to the suit and not having appealed, the appellants cannot complain of a lack of evidence that the title acquired by Stephens from the administrator was duly transferred to plaintiff.

We have carefully perused the petition upon which plaintiff went to trial, and fail to discover any allegation to the effect that plaintiff claimed title to the note under Stephens. Nor do we construe plaintiff's pleadings as alleging any ownership in Stephens of note No. 2. True, it is alleged, as above quoted, that the administrator assigned all the four notes to Stephens. But it is further distinctly alleged, both in the body of the peti

tion and in the escrow agreement copied in full therein, that note No. 2 was placed in escrow by the administrator and Hill, who alone were parties to the escrow agreement; that plaintiff acted as the agent of the administrator in making the agreement; and that thereafter the administrator had made every effort to comply with the agreement. We must therefore conclude, either that the word "transferred" as applied to note No. 2, was used in the sense of the physical act of placing the written indorsement on the back of the note, as distinguished from a legal assignment including delivery, or that the transfer to Stephens postdated the escrow agreement. In the latter event Stephens' title would depend upon a valid order of court, of the existence of which the record is silent. Why and at what date the indorsement of the note to Stephens was placed thereon are matters only of conjecture; but in any event, there is no competent evidence which would warrant a finding of ownership in plaintiff through Stephens.

We conclude that the judgment of the Court of Civil Appeals should be reversed, and the cause remanded to the District Court for a new trial, defendant in error to pay all costs of appeal.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court. The case is correctly remanded upon the ground stated by the Commission in its opinion.

### Appendix.

Art. 588. When a suit shall be instituted by an assignee or indorsee of any written instrument, the assignment or indorsement thereof shall be regarded as fully proved, unless the defendant shall deny in his plea that the same is genuine, and moreover shall file, with the papers in the cause, an affidavit stating that he has good cause to believe, and verily does believe, that such assignment or indorsement is forged.

Art. 1906. An answer setting up any of the following matters, unless the truth of the pleadings appear of record, shall be verified by affidavit:

8. A denial of the execution by himself or by his authority of any instrument in writing, upon which any pleading is founded, in whole or in part, and charged to have been executed by him or by his authority, and not alleged to be lost or destroyed. Where such instrument in writing is charged to have been executed by a person then deceased, the affidavit will be sufficient if it state that the affiant has reason to believe and does believe that such instrument was not executed by the decedent or by his authority.

9. A plea denying the genuineness of the indorsement or assignment of a written instrument, as required by article 588.

Art. 3710. When any petition, answer, or other pleading shall be founded, in whole or in part, on any instrument or note in writing, charged to have been executed by the other party or by his authority, and not alleged therein to be lost or destroyed, such instrument or note in writing shall be received as evidence without the necessity of proving its execution, unless the party by whom or by whose authority such instrument or note in writing is charged to have been executed, shall file his affidavit in writing denying the execution thereof; and the like rule shall prevail in all suits against indorsers and sureties upon any note or instrument in writing. When any such instrument or note in writing is charged to have been executed by any testator or intestate, it shall be received in evidence in like manner, unless some suspicion is cast upon it by the affidavit of the executor or administrator of such testator or intestate.

---

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes