SHORT et al. v. PHELPS.    (No. 11139.)

(Court of Civil Appeals of Texas. Fort Worth. April 11, 1925. Rehearing Denied May 23, 1925.)

1. Estoppel ⚖➛92(3)—Subrogation ⚖➛23(2) —Plaintiff held to have become subrogated to rights of administratrix from whom he purchased note; defendant and heirs receiving proceeds of sale to plaintiff held estopped from asserting invalidity of plaintiff's title.

Where defendant, to secure extension of payment of note, secured by deed of trust and vendor's lien on his land, induced plaintiff to purchase note from administratrix who was owner thereof, which purchase was later confirmed and ratified by probate court, held that plaintiff thereby became subrogated to rights of administratrix to enforce payment, notwithstanding Rev. St. arts. 3353 and 3480, and defendant and heirs to whom proceeds of such note were distributed were estopped from asserting invalidity of plaintiff's title.

2. Executors and administrators ⚖➛170—Sale of note by administratrix without previous order of probate court held valid.

Sale of note by administratrix, who received full amount therefor, which was thereafter distributed amongst heirs, and sale ratified by probate court, held valid, as neither Rev. St. arts. 3353, 3480, nor any other statute requires previous order of probate court for administrator to collect debts due an estate.

Appeal from District Court, Tarrant County; H. S. Lattimore, Judge.

Action by P. J. Phelps against W. M. Short, trustee, and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Capps, Cantey, Hanger & Short and Warren Scarborough, all of Fort Worth, for appellants.

Robert G. Johnson, Joe D. Johnson, and Rouer & Johnson, all of Fort Worth, for appellee.

CONNER, C. J. P. J. Phelps instituted this suit against Frank G. Ramey and others to recover upon a promissory note described in his pleadings. The pleadings of the several parties were framed so as to present the facts as substantially found by the trial court in his conclusions of fact, which we adopt, and which read as follows:

"(1) That on June 4, 1919, one W. H. Burns executed and delivered to Mrs. Georgia

C. Kennedy his promissory note in writing for the sum of $500, of said date, due June 4, 1922, bearing interest from maturity at the rate of 10 per cent. per annum, payable semiannually, and containing the usual provision that, if said note was placed in the hands of an attorney for collection or collected by suit, the maker would pay 10 per cent. on the principal and interest then due as attorneys' fees. This note was secured by a deed of trust given by Burns at the time, fixing a lien on lot 139 of the Dissell tract, an addition to the city of Fort Worth, Tarrant county, Tex., which deed of trust was duly recorded in the mortgage records of Tarrant county, Tex. The note was further secured by a vendor's lien expressly retained in a deed from W. H. W. R. Bivins and wife, Anna Bivins, conveying the lot described to the said W. H. Burns, dated June 14, 1919, and duly recorded in the deed records of Tarrant county, Tex.; said note having been given by Burns as part of the consideration for the conveyance from the Bivinses.

"(2) That said note continued to be owned by Mrs. Georgia C. Kennedy until her death and passed as one of the assets of her estate into the hands of Mary E. Orr, administratrix of the said estate, and was held by such administratrix on the 9th day of March, 1922.

"(3) After Burns bought the real estate for which the note was given as part of the purchase price, and before March 9, 1922, the property was sold by W. H. Burns, and by mesne conveyance had passed to and was owned by the defendant Frank G. Ramey on said date, subject to the incumbrance of the note and lien described above, and the residence of said W. H. Burns is now unknown and cannot be ascertained by the use of reasonable diligence.

"(4) That on said 9th day of March, 1922, the defendant Frank G. Ramey solicited the plaintiff, P. J. Phelps, to buy the note in question, and for the purpose of inducing the plaintiff to purchase the said note the defendant Frank G. Ramey, who desired to obtain an extension of said note and desired the plaintiff to purchase the same for the purpose of securing an extension of same, made and executed a certain written instrument and affidavit to the plaintiff as follows:

" 'Before me, L. F. Perkins, a notary public in and for Tarrant county, Tex., on this day personally appeared Frank G. Ramey, known to me and under oath he deposes and says that he owns lot No. 139 of the Dissell tract in Tarrant county, Tex., an addition to the city of Fort Worth, and that in note executed by W. H. Burns to Mrs. Georgia C. Kennedy, dated June 4, A. D. 1919, the scratch or erasure of the clause "addition to the city of Fort Worth," although scratched, will not make any difference to him and that he will not try to take advantage of same or of the words "lot or in" being written with pen in said note, and that he owes said note of $500 and will pay the same when due, with the interest coupon note of $25, and that he makes this statement to induce P. J. Phelps of Tarrant county to buy said notes and hold said notes until their maturity.

" 'Frank G. Ramey.

" 'Subscribed and sworn to before me, L. F. Perkins, notary public in and for Tarrant county, Tex., this the 9th day of March A. D. 1922. L. F. Perkins, Notary Public in and for Tarrant County, Texas.'

"(5) I find that the said Frank G. Ramey executed the above instrument in order to induce the plaintiff to rely thereon and purchase the note, and that the plaintiff did rely thereon and purchase the said note which he would not otherwise have done. That the plaintiff did not think that it was necessary to procure an order from the probate court authorizing the administratrix to sell the note, and that both plaintiff and defendant acted in good faith in the matter, and considered that all that was necessary to be done was the payment of the money and the manual delivery of the note, and the transfer now recorded in volume 750, p. 380, Deed Records of Tarrant county, Tex., and that the defendant Frank G. Ramey went with the plaintiff, P. J. Phelps, to the bank which held the note for Mrs. Orr, and the plaintiff there, in the presence of Ramey, paid the full face value of the note to the bank in money and received the note.

"(6) That the money so paid to the bank, being the full value of the note, passed to and was used and expended by the distributees and the heirs of the said Mrs. Georgia C. Kennedy entitled to receive the same and that on the same day a transfer of lien as shown by volume 750, p. 380, Deed Records of Tarrant county, Tex., was executed and delivered by Mary C. Orr, administratrix of the estate of Georgia C. Kennedy, deceased, to P. J. Phelps, which described the note and lien and purported to sell, transfer, and convey to the plaintiff the lien and the note sued upon in consideration of $500, and that all parties to same regarded that as everything necessary to be done, and that the transaction was closed.

"(7) That on June 9, 1922, the defendant Frank G. Ramey and the plaintiff indorsed said note as follows: 'This note extended by agreement to June 4, A. D. 1922. Frank G. Ramey. P. J. Phelps.'

"(8) That the defendants other than Frank G. Ramey acquired their interest in the real estate through and under Frank G. Ramey in the following way: Ramey and wife partitioned certain property with the defendant J. M. Cox, and by partition deed on August 13, 1923, the real estate upon which foreclosure is sought was allotted to J. M. Cox. That the defendant W. M. Short acted as attorney for said Cox in procuring said partition and for his attorney fees had a contract by which he was to get an undivided one-fourth interest in the property Cox received in the partition proceedings. That this partition deed was prepared by the defendant W. M. Short, and recited that the real estate upon which foreclosure is sought and which was allotted to J. M. Cox was subject to a lien securing the payment of the $500 note sued upon, and that said note was then held by plaintiff.

"(9) That prior to the sale of said note and transfer of lien by Mary C. Orr, administratrix of the estate of Georgia C. Kennedy, deceased, to plaintiff, the said administratrix made no application to, and received no order from, the probate court of Tarrant county, Tex., wherein the estate was pending, to sell the said note and transfer the lien, but that since the sale to plaintiff the said probate court has been

duly informed' of said sale and approved and confirmed same.

"(10) That Frank G. Ramey paid $25 coupon note to plaintiff on this note. That the said note and obligation is long past due and unpaid, and, though often requested by plaintiff, the defendants have failed and refused to pay the said note or any part thereof, and there is now due and unpaid on said note the sum of $542.43, and said note has been placed in the hands of attorneys for collection, and this suit brought thereon by them, and the plaintiff has contracted to pay said attorneys the amount of attorneys' fees provided for in said note, being 10 per cent. upon the amount of principal and interest and being in the sum of $54.24, which is a reasonable fee.

"(11) That defendants by their attorney in open court, after opportunity given by the court to make the administratrix and heirs and distributees of the estate of Georgia C. Kennedy, deceased, parties to this suit, refused to make such parties, and neither the administratrix, heirs, nor distributees are parties to this suit or complaining of the failure to procure such probate court order.

"(12) That defendant Frank G. Ramey paid the interest on said $500 note, on June 9, 1923, to plaintiff, on or about the day it was due.

"(13) That the county court of Tarrant county, sitting in matters of probate, entered the following order in the estate of Georgia C. Kennedy, deceased, No. 5837, probate docket, to wit:

"'On this, the 24th day of March, A. D. 1924, coming on to be heard the application of P. J. Phelps, filed herein October 8, 1923, for an order of court in the above-entitled estate, confirming, ratifying, and approving a transfer heretofore, to wit, on March 9, 1922, executed by Mary E. Orr as administratrix of the estate of Georgia C. Kennedy, deceased, to P. J. Phelps, assigning one note dated June 4, 1919, in the principal sum of $500, due three years after date, bearing interest at the rate of 10 per cent. per annum after maturity and one note in the principal sum of $25, dated June 4, 1919, due three years after date, with interest at the rate of 10 per cent, per annum, after maturity, said two notes signed by W. H. Burns, payable to the order of Mrs. Georgia C. Kennedy, secured by vendor's lien retained in deed dated June 4, 1919, recorded in Book 610, p. 37, Deed Records of Tarrant county, Tex., and by deed of trust, dated June 4, 1919, recorded in Book 159, p. 161, Deed of Trust Records, Tarrant county, Tex., on and against lot 139, of the Dissel tract, an addition to the city of Fort Worth, Tarrant county, Tex., said transfer recorded in Book 750, p. 380, Deed Records of Tarrant county, Tex., and it appearing to the court that said notes were duly indorsed by said Mary E. Orr as administratrix of the estate of Georgia C. Kennedy, deceased, and delivered to the said P. J. Phelps on March 9, 1922, in consideration of the sum of $525 cash in hand paid the said Mary E. Orr in her official capacity as administratrix of the said estate, and for the use, and benefit of said estate. Now, therefore, it is hereby ordered by the court that the sale of said two notes and the said liens on said real estate by the said Mary E. Orr, administratrix of said estate, to the said P. J. Phelps,

be and the same is hereby in all respects fully ratified and confirmed.' "

The trial court's conclusions of law, based upon the foregoing facts, are as follows:

"(1) That the defendant Ramey assumed the payment of this note with plaintiff as owner.

"(2) That the defendants are estopped to deny that plaintiff is the owner and holder of this note.

"(3) That the defendant Ramey has waived the rights to question the plaintiff's ownership of this note.

"(4) That, in so far as the question of ownership is presented in this case, the plaintiff is the owner and holder of the note sued on.

"(5) That the remaining defendants other than defendant Ramey are not innocent purchasers, and are subject to and bound by the findings as made above, as regards the defendant Ramey, and stand in his shoes as to their interest in the real estate involved.

"(6) That plaintiff is entitled to the judgment as granted."

The court thereupon rendered judgment in favor of plaintiff against Frank G. Ramey for the sum of $596.57, being the amount of the principal, interest, and attorney's fee found to be due upon the note, together with all costs of the suit. The court further found and foreclosed a vendor's lien and mortgage lien upon the lot in question, and ordered its sale for the satisfaction of the judgment against the other defendants, Mrs. Myrtle Ramey, J. M. Cox, and W. M. Short, and these defendants have duly prosecuted an appeal from such judgment.

Appellants insist that the transfer of the note by the administratrix of the estate of Georgia C. Kennedy was void, in the absence of an order of the probate court authorizing such transfer, and hence that the legal title to the note declared upon was not in the plaintiff as he alleged. Appellants further contend that such void transfer was not legally confirmed, nor are appellants estopped from asserting the invalidity of plaintiff's title.

Upon the facts found, we find no error in the trial court's conclusions of law, even upon the theory of the case upon which it seems the trial below proceeded, but we will not undertake to discuss the questions so presented, for the reason that we think the judgment must be affirmed upon a different theory.

[1] We are of opinion that the transaction resulting in the transfer of the note to the plaintiff, Phelps, was in substance but a payment of that note by Phelps at the instance of defendant Ramey, and that thereby Phelps became subrogated to the rights of the administratrix to enforce its payment. The transaction bears none of the earmarks of a bargain and sale; the administratrix neither sought for nor received a greater or less amount than was due according to the terms

of the note. Indeed, there does not appear to have been any negotiations between the administratrix and Phelps, except that upon Phelps' payment of the note the administratrix transferred it to him, evidently with the design and purpose of all parties that by such transfer Phelps should be subrogated to the rights of the estate in the note. We think such was the evident intent of the parties, for that appears to have been the very reason why Ramey wished Phelps to pay and receive the note. He desired an extension of its payment, and to secure this induced Phelps to pay the note and take its transfer and thus substitute Phelps rather than the administratrix as the person entitled to its ultimate payment and enforcement against Ramey.

[2] Article 3353, Rev. St., provides, among other things, that:

"Every executor or administrator shall use ordinary diligence to collect every claim due to the estate he represents, and to recover possession of all property to which the estate has a right; provided, there is a reasonable prospect that such claim can be collected or such property recovered," etc.

In 11 R. C. L. p. 267, it is said:

"One of the chief duties of an executor or administrator is to collect debts due to the estate, even from heirs."

We have been unable to find any statute of this state which requires a previous order of the probate court in order for an administrator to collect debts due an estate. It is made the duty of the administrator, not only according to the principles of common law, but also by our statutes, "to take such care of the property of the estate of his testator or intestate as a prudent man would take of his own property."

In 18 Cyc. p. 228, par. 2, it is said:

"The power of the representative to compromise debts due the estate which he represents is not dependent upon the previous sanction of the probate court, although where he acts without such sanction the burden is upon him, if interested parties object, to show that he had acted judiciously and for the benefit of the estate."

The text seems supported by a number of authorities cited in the note.

In the case before us, not only the findings of fact, but the evidence, shows that the amount paid by Phelps to the administratrix the time he took the note was not only received by the administratrix, but it was later accounted for to the heirs in a partition of the property of the estate.

The case of Sanger Bros. v. Ely & Walker Dry Goods Co. (Tex. Civ. App.) 207 S. W. 348, writ refused, was one in which the dry goods company had secured a second lien upon certain lands subject to previous liens in favor of Sanger Bros. and one Ross and Witherspoon; the latter liens being prior to all others. Sanger Bros. paid the Ross and Witherspoon debts, and formal releases of their liens were given. An adjustment was then made between Sanger Bros. and Boydstun, whereby the lands upon which the Ross and Witherspoon liens existed were sold to one Surles; Surles giving his notes for the purchase money secured by liens upon the land. In a contest between Sanger Bros. and the Ely &. Walker Dry Goods Company, as to which was entitled to priority in enforcement of the liens, this court held that Sanger Bros. were entitled to priority on the theory that by the payment of the Ross and Witherspoon debts they had been subrogated to the rights of those parties, and that it could make no difference that Sanger Bros. took no formal assignments of the Ross and Witherspoon debts and had executed formal releases of their own pre-existing mortgages. The authorities upon which such holding was based are cited in the opinion referred to, and therefore need not be repeated here. We think the case referred to supports the conclusions at which we have arrived in this case.

We accordingly approve the trial court's findings, and affirm the judgment.

### On Motion for Rehearing.

In disposing of this case on original hearing, the writer was not unmindful of the requirement of Revised Statutes, art. 3480, of an order of the probate court for the sale of property by an administrator as construed in the case of Webb v. Reynolds, by the Commission of Appeals (207 S. W. 914), for that decision approved the view of the writer as expressed in his dissenting opinion in the same case reported in 160 S. W. 152 (Tex. Civ.). But we thought and now think this case very clearly distinguishable from the case of Webb v. Reynolds. In that case the sole reliance of title in the plaintiff, aside from his unapproved testimony that he was the owner, was an alleged conveyance of the notes therein involved by the administrator of the estate of Laura Torrence. But here the pleadings and evidence show that the plaintiff, Phelps, claimed and had the right to rely, not only upon the conveyance of the administrator of the estate of Georgia C. Kennedy, deceased, which was later formally ratified and approved by the probate court with a distribution of the proceeds thereof among the heirs entitled to the proceeds, but also upon an original undertaking upon the part of Frank G. Ramey, of which the other appellees were put upon notice at the time of the acquisition of the rights claimed by them, as well also as upon principles of estoppel and of subrogation. In originally disposing of the case, we only undertook to specifically discuss appellee's right of subrogation. But we had no purpose thereby to ignore appellee's claim

under the doctrine of estoppel and other grounds upon which the court below predicated his conclusions. We think appellee's contention that the circumstances show that, not only was Frank G. Ramey, but also the heirs of Mrs. Kennedy and those entitled to distribution of her estate, estopped, is well supported by the cases cited in the able brief of counsel for appellee on pages 14 to 32. So, too, do we think appellee's contention that the sale was ratified is well supported by the cases cited in his brief on pages 32 to 37. We accordingly adhere to the views originally expressed, and now here also specifically approve the trial court's conclusions of fact and of law in their entirety.

Motion for rehearing overruled.