## FARMER v. BURROUGHS ADDING MACH. CO. (No. 1714.)

Court of Civil Appeals of Texas. Beaumont. Oct. 19, 1928.

Rehearing Denied Nov. 7, 1928.

A. L. Shaw, of Beaumont, for appellant.
B. F. Pye, of Beaumont, for appellee.

WALKER, J. This suit was instituted on the 20th day of April, 1923, by appellee, Burroughs Adding Machine Company, designating itself a corporation incorporated under and by virtue of the laws of the state of Michigan, with its domicile and principal place of business in Wayne county, Mich., against appellant, W. H. Farmer, upon a chattel mortgage note, claiming a balance due of $163.82, given by appellant to "Burroughs Adding Machine Company" in payment for two of its adding machines sold appellant by "Burroughs Adding Machine Company," and payable at its Beaumont office. The plaintiff prayed for judgment for the amount of its claim, and for foreclosure of its mortgage lien on its ma-

chines. Both parties filed many amendments to their pleadings. The trial from which this appeal was prosecuted was had upon plaintiff's fifth amended original petition, wherein it named itself the Burroughs Adding Machine Company, and described itself as a Missouri corporation. While appellant had a long answer raising many legal questions, both by demurrers and by special pleas, it is sufficient to say that he raised the issue by his plea that the claim sued upon was not the property of Burroughs Adding Machine Company, the Missouri corporation. Appellee made no allegation that it held the note by indorsement or assignment, and tendered no proof on that issue. It offered no proof of ownership, other than possession of the note sued upon. Upon conclusion of the evidence, judgment was instructed by the trial court in favor of appellee against appellant for all the relief prayed for. Appellant has duly prosecuted his appeal. On the issue of ownership of the note, the following facts and circumstances were in evidence, or tendered in evidence by appellant:

(a) The original petition was filed by Burroughs Adding Machine Company, a Michigan corporation. (b) The appellant offered to prove by Charles Ledwidge, the manager of the Beaumont office of the Burroughs Adding Machine Company, and who sold him the machine in question, that he forwarded a copy of the chattel mortgage note to Burroughs Adding Machine Company, Detroit, Wayne county, Mich., but this evidence was excluded. (c) The witness Ledwidge testified that he opened the Beaumont office and did business through the district office at Kansas City, the district headquarters; that he made some of his reports to Burroughs Adding Machine Company, Detroit, Wayne county, Mich.; that he sent some of the collections made by him at the local office to Burroughs Adding Machine Company, Detroit, Mich.; and that he sent some of the checks given by appellant to him in part payment for the machines in question to Burroughs Adding Machine, Detroit, Mich. These checks when offered in evidence showed indorsement by Burroughs Adding Machine Company, Detroit, Mich., and deposit by that company for collection. (d) The trial court refused to permit Mr. Ledwidge to testify that he employed counsel to represent his principal, representing that his principal was Burroughs Adding Machine Company, Detroit, Mich. (e) The trial court excluded the certificate of the secretary of state of Michigan to the effect that Burroughs Adding Machine Company was a corporation duly incorporated under the laws of that state, with its principal office in the city of Detroit, state of Michigan. (f) Appellee offered in evidence the certificate of the secretary of state of the state of Texas, certifying that a copy of the articles of incorporation of Burroughs Adding Machine Company "incorporated under the laws of the State of Missouri" was duly filed in his office "on the 28th day of August, 1919, * * * and is entitled to and is hereby granted permission to do business in the State of Texas."

## Opinion.

Appellee requested an instructed verdict, on the theory that the assertion of its claim against appellant, and the production, possession, and offering in evidence of the chattel mortgage note, established its ownership as a matter of law, and that no issue was made against its title to its cause of action, and under the circumstances none could be made. On this proposition appellee and the trial court were in error. The evidence received, together with that excluded, all of which was admissible, showed beyond controversy the existence of two separate and distinct corporations bearing the name Burroughs Adding Machine Company, one chartered under the laws of Michigan and the other under the laws of Missouri. The suit was instituted by the Michigan corporation, claiming to own the cause of action. This company went out of the case by a mere amendment substituting the name of the Missouri corporation for that of the Michigan corporation, with no allegation of a transfer of the cause of action. The evidence clearly raised the issue that the claim belonged, at its inception, to the Michigan corporation, and as already said, there was neither pleading nor proof that it had assigned its rights therein to appellee. It is the well-recognized law of this state that "no person can sue upon a contract, except he be a party to or in privity with it." House v. Houston Water Works Co., 88 Tex. 233, 31 S. W. 179, 28 L. R. A. 532; U. S. Fidelity & Guaranty Co. v. Thomas (Tex. Civ. App.) 156 S. W. 573; Gulf, C. & S. F. R. Co. v. Bartlett (Tex. Civ. App.) 75 S. W. 56,

Reversed and remanded.

## On Rehearing.

In our original opinion we were not accurate in saying of appellee's testimony: "It offered no proof of ownership, other than the possession of the note sued upon." Appellee did not have possession of the sale contract which it offered as a note. This contract on its face proposed to purchase the two adding machines upon the terms and stipulations set out in the contract. This contract was executed in duplicate, and the original was filed with the county clerk of Jefferson county. Appellee offered in evidence only a photostatic copy of the original, and it was not shown that it ever had in its possession either of the duplicate copies. With this addition to the statement made in the original opinion, Webb v. Reynolds, 207 S. W. 917, by the Commission of Appeals, is directly in point, sustaining our conclusions.

The motion for rehearing is overruled.