**G. H. HAYWARD, Appellant,**

v.

**Hazel DUIKER, Individually and as Administratrix of the Estate of Hendrik Duiker, Deceased, Appellee.**

No. 3154.

Court of Civil Appeals of Texas.

Eastland.

Feb. 25, 1955.

Rehearing Denied March 18, 1955.

Walton S. Morrison and Carroll Smith, Big Spring, for appellant.

McCormick, Branum, Cason & Jennings, Midland, for appellee.

LONG, Justice.

This suit was instituted by Hazel Duiker, individually and as administratrix of the estate of Hendrik Duiker, deceased, against G. H. Hayward on a promissory note alleged to be in the principal sum of $5,000 and to provide for interest and attorney's fees. Hayward answered, denying that there was any sum of money due on said note and specifically denied that he is obligated to pay attorney's fees under the terms of the note. He further plead two separate counterclaims against plaintiff, one in the sum of $2,731.75 and a second for $2,119.44. The case was tried before the court without a jury. Judgment was rendered for plaintiff for $2,462.57 on the note, together with ten per cent attorney's fees. Hayward has appealed.

Appellant contends the court erred in rendering judgment for appellee because she failed to introduce the note in evidence. This contention is sustained. Appellee failed to introduce the note in evidence. It does not appear in the statement of facts. In fact, the record shows that counsel for appellee declined to introduce it. It is true that appellant did not file a plea of non est factum but this did not relieve the appellee of the duty of introducing the note in evidence. It will be noted that appellant specifically denied that the note provided for attorney's fees. In the absence of the note in the statement of facts this court cannot determine whether this is true or not. There is nothing upon which the judgment for appellee can rest because the note upon which she sues was not introduced in evidence. Pope v. American Surety Co. of New York, 42 Tex.Civ.App. 152, 93 S.W. 480; Webb v. Reynolds, Tex.Com.App., 207 S.W. 914.

We find no merit in any of the other points of error presented. The judgment of the trial court is reversed and the cause remanded.