NOCONA NAT. BANK v. BOLTON.

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 6, 1912.)

1. APPEAL AND ERROR (§ 564*)—STATEMENT OF FACTS—FILING.

A statement of facts may be filed under an order made in vacation and after the expiration of an extension of time previously ordered in a county in which the district court is not permitted to continue for more than eight weeks.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 564.*]

2. USURY (§ 142*)—ACTION TO RECOVER—VERIFIED PETITION — SUFFICIENCY—"DEFENSE."

Sayles' Ann. Civ. St. 1897, art. 3106, as amended by Acts 30th Leg. c. 143, authorizes recovery of double the amount of usurious interest charged and received, and article 3107 provides for no evidence of usury "unless the same shall be specially pleaded and verified by the affidavit of the party wishing to avail himself of such defense." A petition alleged that plaintiff executed his note, and that plaintiff does not remember the exact consideration received, "but believes and here alleges that the same was given in renewal of former loans"; that on each of such former loans plaintiff was charged usurious interest, the exact amount of which he is unable to state, but that it was greatly in excess of 10 per cent. per annum, and that "if at such time plaintiff received any money, the advance interest * * * as also the interest for such sums as was renewed in said note, was counted in the face of said note at a rate greatly in excess of" 10 per cent. per annum. *Held* that, article 3107 applies to actions to recover the statutory penalty, the word "defense" meaning "cause of action," and the petition merely alleging plaintiff's belief as to the usurious interest, it was insufficient as a verified petition.

[Ed. Note.—For other cases, see Usury, Dec. Dig. § 142.*

For other definitions, see Words and Phrases. vol. 2, pp. 1939–1943.]

3. BANKS AND BANKING (§ 270*) — USURY— EVIDENCE—TRANSACTIONS WITH BANK.

Habit or custom being relevant on the question of the construction of a contract, in an action against a bank to recover the statutory

penalty for usury, a bank officer was properly asked as to the custom of his bank relevant to interest, as to discounting notes similar to those in issue.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 1023–1053; Dec. Dig. § 270.*]

4. CUSTOMS AND USAGES (§ 4*)—USAGE AS EVIDENCE.

A usage or custom only possesses evidentiary value where the evidence clearly establishes a fixed habit or custom.

[Ed. Note.—For other cases, see Customs and Usages, Cent. Dig. § 3; Dec. Dig. § 4.*]

5. USURY (§ 138*)—PENALTIES—AMOUNT.

Sayles' Ann. Civ. St. 1897, art. 3106, as amended by Acts 30th Leg. c. 143, authorizing an action for debt for the recovery of double the amount of usurious interest charged and received under any contract, does not limit the amount recoverable to double the amount of interest paid in excess of the lawful contractual rate.

[Ed. Note.—For other cases, see Usury, Dec. Dig. § 138.*]

Appeal from District Court, Montague County; Clem B. Potter, Judge.

Action by J. A. Bolton against the Nocona National Bank. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Speer & Weldon, for appellant. Jameson & Spencer (J. A. Templeton, of counsel), for appellee.

SPEER, J. By this suit J. A. Bolton has recovered a judgment against the Nocona National Bank as for usury paid and the bank has appealed.

[1] As preliminary to a discussion of the merits of the appeal, a question of practice involving the consideration of the statement of facts remains to be disposed of. It is this: The order under which the statement of facts was filed was made in vacation, and after the expiration of an extension of time previously ordered. The point is made that such order was not authorized, and the statement, therefore, should be stricken out. In Couturie v. Crespi (Sup.) 131 S. W. 403, the Supreme Court in construing section 7 of the act approved May 1, 1909 (General Laws 1909, 1st Called Sess. p. 377), held that a trial court may, after the expiration of the time given in which to file a statement of facts, enter an order further extending the time within which such statement may be filed. True, the court there held that such order was required to be made in term time, but the holding was made expressly to apply to those courts whose term might continue more than eight weeks. The same holding was made in Hamill v. Samuels (Sup.) 133 S. W. 419. The district court of Montague county may not continue under the law more than eight weeks, and the requirement that the order shall be made in term time is, therefore, not applicable to the present case. We overrule the motion to strike out the statement of facts.

There is some discrepancy between the first assignment of error presented in the brief and the record relied upon to support it, but in view of a reversal for other errors, we need not notice it further.

[2] We sustain those assignments calling in question the court's action in overruling special exceptions to appellee's first amended original petition because such allegations were too vague, indefinite, and uncertain to authorize a recovery of the penalty denounced by statute. The petition is replete with such allegations as the following: "On about January 23, 1905, plaintiff executed and delivered to the defendant his promissory note for the sum of $1,000 due August 1, 1905. That plaintiff does not remember the exact consideration which he received for said note, but believes and here alleges that the same was given in renewal of former loans. That on each of said former loans plaintiff had been charged an unlawful and usurious rate of interest, the exact rate and amount of which he is unable to state, but says that same was greatly in excess of 10 per cent. per annum. That, if at said time plaintiff received any money, the advance interest for the use of the same, as also the interest for such sums as was renewed in said note, was counted in the face of said note at a rate greatly in excess of said 10 per cent. per annum." Article 3106, Sayles' Texas Civil Statutes, as amended by act of the Thirtieth Legislature (General Laws 1907, p. 277), authorizes an action of debt for the recovery of double the amount of usurious interest charged and received upon any contract. The succeeding article (3107) declares: "No evidence of usurious interest shall be received on the trial of any case, unless the same shall be specially pleaded and verified by the affidavit of the party wishing to avail himself of such defense." Clearly, we think this article includes those suits specifically authorized by the preceding article and applies to the plaintiff's petition as well as to defensive pleading, the word "defense" occurring in the article being used obviously in the sense of "cause of action." This being true, the requirement of the statute that such pleadings be verified by the affidavit of the pleader indicates an intention that such pleading should be especially specific and clear upon the point of interest paid. This character of verified pleading was discussed by Chief Justice Gaines in Ewing v. Duncan, 81 Tex. 230, 16 S. W. 1000, in the following language: "In the present case, it is in the first place alleged that the plaintiffs 'aver and charge that said votes, or at least a majority thereof, cast for county seat at Floyd City, as they are informed and believe and so charge, were influenced,' etc. If there had been no qualifying averment, we are of opinion that the allegation would

have been sufficient, at least upon general demurrer. But where the pleader proceeds to aver that he neither knows the number of the illegal votes, nor names any illegal voter save one, it seems to us that it shows that the allegation is purely speculative, and that all the averments as to this matter, taken together, amount to no more than an allegation of a suspicion of the existence of the facts relied on to set aside the election. He avers the conclusion, but expressly admits that he cannot allege the specific facts from which the conclusion must be deduced, in effect, that Floyd City did not receive a majority of the legal votes. It appears that the object of the allegations in regard to this matter was to take the chances of establishing a case, although it is not known that a case exists. It is somewhat analogous to a 'fishing bill' which has been defined to be one 'which shows no cause of action, and which endeavors to compel defendant to disclose one in plaintiff's favor.'" While appellee's petition was sworn to, its verbiage was such that he swore to no more than his belief in the matter.

[3] We think there was no error in requiring the witness Clark to answer as to the custom of his bank relative to interest on discounting notes, similar to those of appellee. We think the conduct of a person or corporation bank amounting to habit or custom has some probative value and should not be excluded for irrelevancy. Of course such habit or custom will not prevail over express contract, but is sometimes helpful to show what the real contract was. 1 Wigmore on Evidence, § 92. We do not mean to indicate that isolated, independent transactions by the witness or his bank with other persons would be admissible as tending to prove the contract with appellee, for they are not.

[4] It is only where the evidence clearly establishes a fixed habit or custom that it possesses any evidentiary force. Proof of any number of independent, usurious transactions by appellant bank would not tend to establish the usurious character of the contracts under investigation, unless such course of dealing was the established custom of the bank. This is apparent, for in rebuttal the bank might be able to show an equal number of transactions that were not usurious.

[5] This brings us to a consideration of the effect of the amendment of 1907 of the usury statute affecting the amount of recovery. It is the contention of appellant that by the introduction of the word "usurious" in connection with the interest authorized to be recovered, the Legislature mean to limit the right of recovery to double the amount of interest paid in excess of the lawful contractual rate. The question, however, appears to have been definitely settled by the cases of Baum v. Daniels, 55 Tex. Civ. App. 273, 118 S. W. 754, and Taylor v. Shelton, 134 S. W. 302, a writ of error having been refused in the latter case.

For the error of the court in overruling appellant's special exceptions to appellee's petition, the judgment is reversed and the cause remanded.