8696

## EX PARTE DOMINICK.

1. SUPREME COURT—VACANCY—GOVERNOR.—When a quorum of the Court is present, it is discretional with it, whether, at the instance of a party, it will certify to the Governor that the Bench is not full that he may fill it by appointment, whatever may be the cause of the vacancy.

2. IBID.—A QUORUM of the Court has the power to certify to the Governor that there is a vacancy caused by resignation that the Governor may appoint some one to preside in place of the resigned Justice.

Constitutional question arising in *Ex parte* Fred. H. Dominick against A. W. Jones, Comptroller General, submitted to Court *en banc*.

*Mr. F. H. Dominick,* for petitioner.

*Mr. A. W. Jones, Comptroller General,* contra.

December 5, 1913.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY.   On the call of this case for hearing in the Supreme Court, it appeared that the Honorable R. C. Watts, Associate Justice, was disqualified from sitting, by reason of the fact that the appeal was from an order made by him.

Thereupon the petitioner-respondent requested this Court to certify to the Honorable Cole. L. Blease, as Governor, the fact of such disqualification, in order that he might commission some one learned in the law to preside in the place of Mr. Justice Watts.

It appeared to the Justices of this Court that there is involved a question of constitutional law, upon which the entire Court is not agreed, towit: Whether petitioner-

respondent is entitled to demand as a right, under the provisions of the Constitution, that the place of the disqualified Justice being filled—there being a quorum present without his attendance; whereupon the Chief Justice called the Circuit Judges to the assistance of the Supreme Court for the purpose of determining said question.

When the case of *McAulay* v. *McAulay* was heard by the Supreme Court, it was composed of five members—Mr. Justice Woods being one of them—but the opinion which was rendered by an evenly divided Court, was not filed until he had resigned.

The appellant's attorney filed a petition for a rehearing in that case, on several grounds, one of which was that the Court was without power to render the decision, for the reason that it was then composed only of four Justices.

The reasoning of the Court in the case hereinbefore mentioned shows conclusively that it is not incumbent on the Court or the Justices thereof, to certify to the Governor the disqualification of a Justice in any cause or causes in order that he may "immediately commission specially the requisite number of men learned in the law for the trial and determination thereof," whether the disqualification arises from the fact of resignation, when the unexpired term exceeds or is less than one year; or where the disqualification is temporary, as in the present case; or where the disqualification arises from any other cause, unless there is not a quorum present.

When the provisions of the Constitution relative to this question are considered in their entirety, it is apparent that when three qualified members of the Court are present a quorum of the Court is present and it is discretionary with the Court so composed or the Justices thereof, whether they will certify the disqualification or temporary absence of any other member or members of the Court to the Gov-

15—96

ernor in order that he may commission some one learned in the law to preside in the place of the disqualified or absent Justice. Of course, the disqualification of a Justice or Justices does not disqualify him or them from certifying the fact of his or their disqualification to the Governor.

Finally, it is contended that, although the Court when composed of a quorum has the power to render judgment in a cause, it has not the power to certify to the Governor, that there is a vacancy arising from the resignation of a Justice, in order that the Governor may commission someone to preside in the place of the resigned Justice.

This proposition is untenable as it is inconsistent with the provisions of the Constitution and the construction placed upon them by this Court.

The Supreme Court is therefore empowered to exercise its discretion in any cause, irrespective of the grounds of disqualification, and it is so adjudged.

Messrs. Justices Hydrick *and* Watts *and* Circuit Judges Prince, Memminger, Wilson, DeVore, Sease, Rice, Frank B. Gary, Spain *and* Bowman *concur*.

Mr. Justice Fraser, *dissenting*. On the call of this case for hearing in the Supreme Court it appeared that Honorable R. C. Watts, Associate Justice of this Court, is disqualified from sitting in the cause by reason of the fact that the appeal is from an order made by him.

Thereupon the petitioner-respondent requested this Court to certify to the Honorable Cole. L. Blease, as Governor, the fact of such disqualification, in order that he might commission one learned in the law to sit in place of Mr. Justice Watts.

It appeared to the Justices of the Supreme Court that there is a question of constitutional law involved, towit: Is

it necessary for the Supreme Court to certify to the Governor the disqualification of a Justice so as to have the place of the disqualified Justice supplied, or is it optional with the Court? It further appeared that upon the decision of this question the entire Court is not agreed, and the Circuit Judges having been called to the assistance of the Court, after hearing argument the Court *en banc* decides.

The Constitution gives the right to litigants in the Supreme Court to have the place of a disqualified Justice filled by executive appointment. This right may be waived as any other right may be waived. The Constitution provides, art. V, sec. 6: "In case all or any of the Justices of the Supreme Court shall be thus disqualified or be otherwise prevented from presiding in any cause or causes the Court or the Justices *shall* certify the same to the Governor of the State, and he shall immediately commission, specially, a requisite number of men learned in the law for the trial and determination thereof." Inasmuch as the Constitution provides, sec. 2, art. V, that three Justices shall constitute a quorum, it is claimed that it is only necessary to fill a place where the number is reduced below three. The number of Justices who are qualified to hear a cause may be less than a full bench of five when vacancies occur. Section 11 of article V provides "all vacancies in the Supreme Court or inferior tribunals shall be filled by elections, as herein prescribed: *Provided,* That if the unexpired term does not exceed one year such vacancy may be filled by executive appointment." When there are vacancies and the term exceeds a year the places can not be filled by appointment, but when one or more Justices are disqualified the Constitution provides for an appointment.

It is true the words "otherwise prevented from presiding" are general enough to cover all cases, but the specific words

that immediately precede this general expression are dis-qualifications.

The rule is well stated in Sutherland on Statutory Con-struction, section 268, "Where there are general words fol-lowing particular and specific words the former must be confined to things of the same kind."

It seems to be, therefore, that the general words refer to disqualifications. This construction gives effect to every provision of the Constitution.

1. A vacancy for more than a year shall be filled only by election, and no appointment can be made to fill a vacancy in any case if the term exceeds one year.

2. The place of a disqualified Justice shall be filled by appointment.

3. Three may be a quorum.