Appeal and error ⚖️345(1)—Writ of error must be sued out within six months from date of judgment, and not from overruling of motion for new trial (Rev. St. 1925, art. 2255).

Under Rev. St. 1925, art. 2255, writ of error must be sued out within six months from date of judgment, and not from date of overruling of motion for new trial.

Error from Taylor County Court; Carlos D. Speck, Judge.

Action between George F. Stribling and others and W. M. Riggs. Motion of George F. Stribling and others for new trial was overruled, and they bring error. Writ dismissed.

Roy L. Duke and Stinson, Coombes & Brooks, all of Abilene, for plaintiffs in error.

Scarborough & Wilson, of Abilene, for defendant in error.

HIGGINS, J. In this case judgment was rendered May 23, 1925. Motion for new trial was overruled June 13, 1925. The petition for writ of error was filed December 10, 1925. The time within which writ of error must be sued out is six months from the date of the judgment on May 23d, and not from the date upon which the motion for new trial was overruled. Article 2255, R. S. 1925; Cooper v. Yoakum, 91 Tex. 391, 43 S. W. 871.

The writ or error herein was not sued out in time, for which reason the same is dismissed.

Dismissed.

---

**JACKSON et al. v. MANNING et al.
(No. 9663.)**

(Court of Civil Appeals of Texas.   Dallas.   Oct. 23, 1926.   Rehearing Denied Nov. 20, 1926.)

Judgment ⚖️143(17) — Attorney's absence when case was called held not excused by inability to procure presence of clients and reliance on previous superseded agreement.

Failure of defendants' attorney to be present when case was called for trial at time agreed on held not excused by inability to procure presence of his clients and his reliance on previous superseded agreement to pass case until termination of trial of another action.

Appeal from District Court, Dallas County; T. A. Work, Judge.

Action by T. A. Manning and another against James Jackson and another. From an order overruling their motion for a new trial after verdict for plaintiffs was directed and from the judgment thereon, defendants appeal. Affirmed.

W. B. Lewis, of Dallas, for appellants.
Etheridge, McCormick & Bromberg, of Dallas, for appellees.

VAUGHAN, J. Appellees, T. A. Manning and Blagden Manning, instituted suit on the 11th day of January, 1924, in the court below to recover certain items of account aggregating $966.36 and $100 as attorney's fees, on a bond executed by appellant James Jackson, as principal, and James Jackson and Ruth Jackson, as sureties, to secure the payment to appellees of all moneys due them on premiums on policies of insurance written by James Jackson, as local agent of certain insurance companies, for which appellees were general agents. Appellants filed a general demurrer and general denial. On April 13, 1925, the court tried the case, instructed a verdict for appellees, and entered judgment thereon for the amount sued for.

The appellants were not present in person nor by their attorney at the trial, and thereafter, on April 24, 1925, filed a motion for a new trial, which the court overruled, from which order this appeal was prosecuted.

As an excuse for not being present at the trial in the court below, appellants in their motion alleged that their attorney, W. B. Lewis, was engaged in the trial of a suit at that time in the Ninety-Fifth district court of Dallas county, and appellees' attorney had agreed to pass this case until he should finish the case in the Ninety-Fifth district court;

that on Sunday, April 12, during the time of the trial of said case in the Ninety-Fifth district court, a near relative of Hon. Royal R. Watkins, the presiding judge of said court, died at Athens, Tex., whereupon the trial of said cause was suspended, to be resumed the morning of April 15th; that during the morning of April 13th appellants' attorney agreed with other attorneys to try a case pending in the county court at law during the evening of April 13th, it being understood by all parties interested in that case that same would be finished on that day; that about 10 o'clock of the morning of April 13th, Mr. Gowan, attorney for appellees, stated to attorney for appellants that Judge Watkins would be away one day and a half, and asked him at once to try the instant case; that Mr. Lewis informed Mr. Gowan of his agreement to try the county court case, stating that he would try to get that case passed in order to comply with his request; that the county court case was not important, and that he believed this case could be tried in a day and a half; that he succeeded in getting the county court case continued; that he immediately made an effort to communicate with appellant James Jackson, so as to arrange with him to be in attendance upon the trial; that he tried all day to communicate with said Jackson, but failed to do so; that, not being able to get in touch with Mr. Jackson, he relied upon the agreement theretofore made with counsel for appellees that the trial of the instant case would be passed until the end of the trial of the case then being heard before the Ninety-Fifth district court, in which case a verdict was not rendered until the morning of April 20th, on which day he called at the office of the district clerk for papers in the instant case and was informed for the first time that said cause had been tried and judgment rendered therein on April 13th.

To show that appellant James Jackson had a meritorious defense, appellants allege the following: That of the amount sued for appellant Jackson controverted the sum of $275, viz., $61.75 unpaid premium on a policy of insurance issued by said appellant, which he was prevented from collecting because appellees violated an agreement to pay loss check direct to said appellant to enable him to collect any unpaid premium due him; that the items of $179.71 and $23.10 are unknown to him; and that to the best of his knowledge and belief are not correct charges against him and should not be allowed. Even if it should be conceded, which we are not inclined to do, in view of the following authorities. Kilgore Lbr. Co. v. Thomas & Hammonds, 95 Ark. 43, 128 S. W. 62, 64; Nocona Nat. Bank v. Bolton (Tex. Civ. App.) 143 S. W. 242, 243; Skains v. Barnes, 168 Ala. 426, 53 So. 268, 270; Silver & Co. v. Waterman, 127 App. Div. 339, 111 N. Y. S. 546, 549; Louisville Banking Co. v. Buchanan, 117 Ky. 975, 80 S. E. 193, 194, 4 Ann. Cas. 929, that the above matters, as alleged, constituted a meritorious defense in favor of appellants, can it be said that the appellants' application disclosed a reasonable excuse for their failure to be present at the trial of the case? The attorney for appellants led the attorney for appellees to believe that the case at bar would be tried in accordance with his request. This case was called on April 6th, and appellees announced ready for trial, of which appellants were duly notified, and thereafter it was passed, by agreement of the parties, with the understanding that it would be called for trial immediately after the disposal of said case on trial in the Ninety-Fifth district court.

Neither the court nor the attorneys representing appellees were advised of the inability of appellants' attorney to have his clients present at the trial. By its terms, the agreement to try the case was not conditioned upon the ability of appellants' attorney to have his clients present at the trial of the case. Even if such had been the agreement, it would have devolved upon appellants' attorney to have informed appellees' attorney of his inability to do so. The case was properly on call for trial, and, when called, the appellants' attorney should have been present and presented his reasons to the court in the nature of an application for postponement or continuance of the cause on account of the conditions then confronting him. The original agreement under which the cause was to be passed until the case then on trial in the Ninety-Fifth district court should be determined, was, by the agreement to try the case thereafter entered into, terminated, and appellants' attorney did not have the right to rely on the terms of that annulled agreement to take care of the disposition of this cause without making known to the court, when the case was called for trial, his inability and the cause therefor to announce ready for trial. Because of the failure to show a reasonable excuse on the part of appellants to be present at the trial of the cause, the judgment of the court below is affirmed.

Affirmed.