**DAMANTS et al. v. B. F. DITTMAR CO.**

No. 8831.

Court of Civil Appeals of Texas. San Antonio.

April 27, 1932.

Rehearing Denied June 8, 1932.

Greenwood & Lewis, of Harlingen, and Gaines, Gaines & Roberts, of San Antonio, for plaintiffs in error.

Leo Brewer, of San Antonio, for defendant in error.

**SMITH, J.**

This writ of error was prosecuted from an order dismissing the suit, plaintiffs in error having declined to amend after the general demurrer to their third amended original petition had been sustained. The parties will be designated here as in the court below.

Plaintiffs' trial petition covers twenty-two pages in the transcript, and the attached exhibits eight pages. It would be a bootless task to set out the allegations in order to test their sufficiency as against the general demurrer. We have reached the conclusion that the allegations, lengthy as they are, do not state a cause of action, and the trial court did not err in so holding.

■ From those allegations it appears, speaking in general terms, that plaintiffs Damants, owning hotel property in the city of Harlingen, decided to improve that property, for which purpose they borrowed a large sum of money from defendant, Dittmar Company, to whom they gave a deed of trust upon the property to secure the debt. The property was then incorporated, plaintiffs taking most of the corporate stock, and the management and control of the hotel was given over to the corporation. It was alleged in general terms that defendant fraudulently induced plaintiffs to borrow the money from defendant; that defendant fraudulently induced plaintiffs to incorporate and turn the property and its management over to the corporation; that the corporation under defendant's guidance fraudulently managed the property, so that ultimately it was sold to defendant under the deed of trust for an inadequate price. The allegations of fraud were made in general terms, with no bill of particulars of specific facts upon which plaintiffs' conclusions were founded.

■ Even if those allegations were sufficient to state a cause of action for fraud, they were neutralized by the stipulations in a later contract attached by plaintiffs to their petition, as a part thereof, specifically confirming all the alleged prior fraudulent acts of defendant of which plaintiffs complain in their petition.

■ In their petition, plaintiffs undertake to set up usury, but the facts thereof are not specifically pleaded, as required by statute, or verified, as likewise required. Article 5074, R. S. 1925; Puckett v. Patton (Tex. Civ. App.) 16 S.W.(2d) 856; Nocona Nat. Bank v. Bolton (Tex. Civ. App.) 143 S. W. 242; Stanford v. U. S. Inv. Corp. (Tex. Civ. App.) 272 S. W. 568.

The judgment is affirmed.