## LONE STAR FINANCE CORPORATION v. HACKWORTH.
### No. 10001.

Court of Civil Appeals of Texas. Galveston.
June 29, 1934.

Rehearing Denied Sept. 27, 1934.

Castle & Gammage, of Houston, for appellant.

Kenneth Krahl and Sylvain K. Lloyd, both of Houston, for appellee.

LANE, Justice.

E. B. Hackworth, presenting his cause of action against the Lone Star Finance Corporation to the justice of peace of precinct No. 1 of Harris county, for suit, caused to be filed with said justice the following paper:

"No. 34,883.

"Plaintiff: E. B. Hackworth, of Houston, Harris County, Texas.

"Defendant: Lone Star Finance Corporation, a duly incorporated and existing corporation with its domicile at No. 1109 San Jacinto Street, Houston, Harris County, Texas.

"Cause of Action: $166.40, being double the amount of $83.20 usurious and illegal interest paid by plaintiff to defendant and collected by defendant from plaintiff in Houston, Harris County, Texas, on a loan of $187.00 dated on or about November 1, 1930, and repaid in 11 monthly installments of $22.43 each, and 1 installment of $22.47, beginning one month after date of note, plus additional $1.00 interest payment made on the last installment, together with costs of court, etc.

"Plaintiff Reserves The Right To Plead Orally.

"Kenneth Krahl,
"Sylvain K. Lloyd,
"Attorneys for Plaintiff."

Citation was duly issued and served upon the defendant, which answered in the justice's court by general demurrer and general denial.

Judgment was rendered in such justice's court against the plaintiff.

The plaintiff by appeal carried the case to the county court at law of Harris county. Upon the trial of the case in such court, judgment was rendered for the plaintiff, E. B. Hackworth, for the sum of $136.08, together with interest thereon from date of judgment, and for all costs incurred. From such judgment defendant has appealed.

Appellant's contention for reversal is that, as the plaintiff did not by his pleading, either in writing or orally, swear to the correctness of the claim sued upon, it being for usurious interest, the trial court erred in not sustaining its general demurrer to the plaintiff's suit. In support of its contention appellant cites article 5074, Revised Civil Statutes of 1925, Nocona National Bank v. Bolton (Tex. Civ.

App.) 143 S. W. 242, 243; Stanford v. U. S. Inv. Corporation (Tex. Civ. App.) 272 S. W. 568, 570; Puckett v. Patton (Tex. Civ. App.) 16 S.W.(2d) 856; and Damants v. Ditmar Co. (Tex. Civ. App.) 50 S.W.(2d) 926.

It is provided by article 5074 of the Statutes cited as follows: "No evidence of usurious interest as a defense shall be received on the trial of any case, unless the same shall be specially pleaded and verified by the affidavit of the party wishing to avail himself of such defense."

The Nocona Case is one in which the plaintiff sued to recover usurious interest paid by him. In that case Judge Speer, then a member of the Court of Civil Appeals at Fort Worth, speaking for that court, said: "The petition is replete with such allegations as the following: 'On about January 23, 1905, plaintiff executed and delivered to the defendant his promissory note for the sum of $1,000 due August 1, 1905. That plaintiff does not remember the exact consideration which he received for said note, but believes and here alleges that the same was given in renewal of former loans. That on each of said former loans plaintiff had been charged an unlawful and usurious rate of interest, the exact rate and amount of which he is unable to state, but says that same was greatly in excess of 10 per cent. per annum. That, if at said time plaintiff received any money, the advance interest for the use of the same, as also the interest for such sums as was renewed in said note, was counted in the face of said note at a rate greatly in excess of said 10 per cent. per annum.' Article 3106, Sayles' Texas Civil Statutes, as amended by act of the Thirtieth Legislature (General Laws 1907, p. 277), authorizes an action of debt for the recovery of double the amount of usurious interest charged and received upon any contract. The succeeding article (3107) declares: 'No evidence of usurious interest shall be received on the trial of any case, unless the same shall be specially pleaded and verified by the affidavit of the party wishing to avail himself of such defense.' Clearly, we think this article includes those suits specifically authorized by the preceding article and applies to the plaintiff's petition as well as to defensive pleading, the word 'defense' occurring in the article being used obviously in the sense of 'cause of action.' This being true, the requirement of the statute that such pleadings be verified by the affidavit of the pleader indicates an intention that such pleading should be especially specific and clear upon the point of interest paid."

The court sustained an assignment insisting that the allegations stated were too vague, indefinite, and uncertain to authorize a recovery of the penalty denounced by statute. It is also said in the opinion as follows: "While appellee's (plaintiff's) petition was sworn to, its verbiage was such that he swore to no more than his belief in the matter."

The judgment rendered in that case for the plaintiff was reversed, not upon the failure of the plaintiff to swear to his petition, but on other grounds stated in the opinion. Therefore the case is not authority for the contention made by appellant in the present case.

In the Stanford Case Judge Stanford, speaking for the Waco court, said: "Appellants' petition was insufficient as a pleading to charge appellee with collecting usury, because: (1) It is not sworn to, as required by statute. See article 4983, Vernon's Sayles' Civil Statutes [article 5074]; Cassidy v. Scottish-Am. Mtg. Co., 27 Tex. Civ. App. 211, 64 S. W. 1023, 1030; First Nat. Bank v. Penman (Tex. Civ. App.) 47 S. W. 68. (2) It is insufficient, in that the petition is not sufficiently definite to charge usurious interest."

From a careful reading of the opinion last cited, especially the next to the last paragraph thereof, it is apparent that the judgment rendered against the plaintiff below was not upon the ground that his petition was not sworn to.

■ It goes without controversy that, when one sues to recover usurious interest paid by him, usury must be specially pleaded, but neither the provisions of articles 2010 nor 5074, Revised Civil Statutes of 1925, relate to petitions of the plaintiffs suing to recover usurious interest paid by them. Article 2010, subd. 12, provides that an answer setting up that the contract sued upon is usurious shall be verified, and article 5074, as already shown, provides that no evidence of usurious interest as a defense shall be received on trial unless the same shall be specially pleaded (as a defense) and verified.

If there is any statute requiring the plaintiffs in suits to recover usurious interest to verify their pleadings, we have been unable to find it. There is, we think, no authority to support the suggestions found in some of the cases to the effect that the petitions in such suits must be verified.

The pleading of the plaintiff before the court states clearly the plaintiff's cause of action. The cause of action so pleaded was a distinct one, and in no sense was it an answer to a suit brought upon a contract for usury, mentioned in the twelfth subdivision of article 2010, nor a defense to any suit for usurious interest, mentioned in article 5074.

It is provided by article 5071 that all written contracts, such as the one involved in the present case, which in any way, directly or indirectly, provide for a greater rate of interest on the amount of the contract than 10 per cent. per annum, shall be void and of no effect for the amount or value of the interest.

The statute, article 5073, provides that, if usurious interest shall be received or collected, the person paying the same may, by action of debt, recover from the party receiving the same double the amount of the interest so received or collected.

In Rosetti v. Lozano, 96 Texas, 57, at page 60, 70 S. W. 204, 205, Judge Williams, speaking for the Supreme Court, said: "In our opinion, the recovery provided for in the latter article can only be had in 'an action' therefor, and not merely by a purely defensive pleading setting up usury and payment. This right of recovery is a cause of action, and not a mere defense, and the statute which gives it prescribes that it is to be recovered in 'an action of debt.'"

In the absence of any statute requiring the plaintiff to verify his pleading, such pleading, when supported by evidence, was sufficient to support the judgment rendered, and it was not subject to the general demurrer addressed to it.

■ The undisputed testimony of appellee Hackworth is amply sufficient to support the judgment rendered. Indeed, appellant offered no evidence in rebuttal, but, to the contrary, admits the truth of the plaintiff's allegations by addressing a general demurrer thereto, and as a defense relies solely on its contention that, as the plaintiff's petition was not verified, he could not recover.

■ The cause of action shown by both the pleading of the plaintiff and the undisputed evidence affirmatively presents a cause of action for debt, announced by the statute, and not a mere defense. We can see no reason why a petition setting out such cause of action should be required to be sworn to by the plaintiff. We therefore reach the conclusion that article 5074, supra, has no meaning, by implication, other than its plain terms; that is, that usury "as a defense" should be by verified plea, and we see no reason why there should be read into such article anything the Legislature did not see fit to put in it.

For the reasons pointed out, the judgment is affirmed.

Affirmed.