## UNITED FINANCE CORPORATION v. SMITH.

### No. 10769.

Court of Civil Appeals of Texas. Galveston.

May 4, 1939.

Rehearing Denied May 25, 1939.

Gammage, Gammage & Bauer, of Houston (Earl W. Gammage, of Houston, of counsel), for appellant.

Albert Stein, of Houston, for appellee.

MONTEITH, Chief Justice.

This is an appeal from a judgment of the county court at law of Harris County, brought by appellee, Carl S. Smith, plaintiff below, against appellant, United Finance Corporation, to recover the sum of $198, alleged to be double the amount of usurious interest paid by appellee on money loaned to him by appellant.

The trial, which was before the court without a jury, resulted in a judgment in favor of appellee in the sum of $185.68. The record contains no transcript of the testimony, and no findings of fact were filed or requested of the trial court.

Appellant based its appeal on the action of the trial court in overruling its general demurrer.

It is the contention of appellant that appellee's trial petition was fatally defective, in that it did not state whether the loan agreement between appellant and appellee was oral or in writing; that it failed to allege an agreement by the terms of which usurious interest was charged; that it did not set out specifically facts which bound appellee to pay usurious interest; and that said petition was not sworn to or verified by affidavit.

In the absence of a statement of facts or findings by the court, the only question presented on this appeal is whether or not, as against a general demurrer, plaintiff's petition as a whole states a cause of action on which he was entitled to recover.

Appellee alleged the following material facts, which, as against a general demurrer, must be taken as true:

That in January, 1936, he borrowed the sum of $295 from appellant for which loan appellant demanded of appellee the full amount of the principal of said loan and an additional sum of $119, of which $105 was to be paid by appellee to appellant as interest on said loan; that on October 1,

1936, appellee repaid said loan, with an additional sum of $119, of which $99 was paid by appellee and received by appellant as interest; that said sum is a greater rate of interest than 10% per annum, and hence usurious, and that $198 is double the amount of usurious interest paid appellant by appellee.

We are unable to sustain appellant's contention that appellee's petition is fatally defective, in that it fails to state whether said loan agreement was oral or written. 42 Tex.Jur. 954, gives the following historical outline of the statutes imposing a penalty for the taking of usurious interest in this state:

"Section 58. Penalty—In General.— Prior to 1892 there was no statute imposing a penalty for taking usury, other than the provision for forfeiture of interest. The Act of 1892, incorporated in the Revised Statutes of 1895 as article 3106, authorized a recovery as a penalty of double the amount of usurious interest paid. This act related only to written contracts, but in 1907 it was amended to make it apply to verbal agreements as well. The verbiage was changed by the codification committee in 1925, and the article as so changed (R.S. Art. 5073) is now the governing statute on the subject. This article provides in part that:

" 'Within two years after the time that a greater rate of interest than ten per cent shall have been received or collected upon any contract, the person paying the same or his legal representative may by an action of debt recover double the amount of such interest from the person, firm or corporation receiving the same.' "

It is not now essential in Texas that plaintiff's petition state whether or not the contract under which it is claimed that usurious interest was paid was verbal or written, since the rights of the parties are the same whether the usurious interest was exacted under the one or the other. 42 Tex.Jur. 954; Cotton v. Thompson, Tex. Civ.App., 159 S.W. 455; Taylor v. Shelton, 63 Tex.Civ.App. 626, 134 S.W. 302; Baum v. Daniels, 55 Tex.Civ.App. 273, 118 S.W. 754.

We are not able to sustain appellant's contention that appellee's petition was not good as against a general demurrer, in that it failed to allege an agreement to pay usurious interest, or to set out specifically the facts requiring the payment of usurious interest. Said petition contains allegations which in express terms or by reasonable inference are sufficient to admit evidence of every fact necessary to be proved to support the judgment rendered, and in the absence of a special exception, was good as against appellant's general demurrer. The petition alleged in express terms the loan agreement, its date, and the fact that interest, alleged to be usurious, was paid thereon within a period of ten months from the date of the agreement. It further alleged the demand for the payment of usurious interest by appellant, its payment by appellee and its receipt by appellant. We think under these facts that the petition was not subject to the general demurrer, but was sufficient to admit proof of all facts necessary to support the judgment rendered, and that the judgment of the trial court overruling the general demurrer should be upheld. Garrett et al. v. Kelley et al., Tex.Civ.App., 6 S.W.2d 414; Emergency Clinic and Hospital v. Continental Investment Co., Tex.Civ.App., 41 S.W.2d 640; Wall v. Royal Indemnity Co., Tex.Civ.App., 299 S.W. 319; White v. McNeil, Tex.Civ.App., 294 S.W. 928; Samples v. W. R. Pickering Lumber Co., Tex. Civ.App., 291 S.W. 254.

It is held in the case of Cotton v. Thompson, Tex.Civ.App., 159 S.W. 455, in an action brought for the collection as penalty of double the amount of usurious interest paid, that in an action of this character the failure on the part of plaintiff to set out with particularity the contract on which the loan was based does not render the petition subject to a general demurrer. 42 Tex.Jur. 977.

Further, it is held that the defect in a petition, good as against a general demurrer but defective as against a special exception based on the indefiniteness of the act complained of, is cured by a verdict after trial. Missouri, K. & T. Ry. of Texas v. James, Tex.Civ.App., 112 S.W. 774.

We are unable to sustain appellant's contention that said petition was fatally defective in that it was not sworn to or verified. This court has held, in the case of Lone Star Finance Corporation v. Hackworth, 74 S.W.2d 707, that the provisions of Article 5074, R.S.1925, have no application in an action to recover double the amount of usurious interest paid, and that therefore plaintiff's petition need not be verified.

For the reasons above stated the judgment of the trial court will be in all things affirmed.

Affirmed.