## TEXAS ACCEPTANCE CORPORATION
### v. SIMPSON.
#### No. 11257.

Court of Civil Appeals of Texas. Galveston.
July 24, 1941.

Rehearing Denied Oct. 2, 1941.

Gammage, Gammage & Bauer, of Houston, for appellant.

H. J. Hendrix, of Houston, for appellee.

GRAVES, Justice.

This appeal is from a $141.48 judgment, entered by the county court at law of Harris County, sitting without a jury, in favor of the appellee against the appellant, as for double the amount of $70.74 usurious interest, found by the court to have been paid by the appellee to the appellant, upon a loan for $327.16, made to him by it, on May 5, 1939, and repaid thereafter at the rate of $25 per month.

No statement of facts has been brought up, but the transcript shows that this judgment for $141.48 had been so rendered by the court below on an appeal to it from a justice court judgment on the same cause of action and between the same parties, in which the justice court had, on December 18 of 1940, given the appellee a recovery for $195.68, as double the amount of $97.84 of usurious interest it had found to have been charged by the appellant and paid by the appellee ·on this loan; the county court, however, found that, of the interest, $195.-68, the justice court so permitted to be recovered, $27.10 thereof had been applied by appellant for insurance on an automobile that secured the loan, hence it deducted that amount, thereby reducing the recovery it permitted to the stated $141.48.

The appellee had been the plaintiff below, the appellant the defendant, and the final judgment so rendered had been awarded in an affirmative action by him against it, pursuant to R.S.Article 5073.

■ There being no statement of facts, the conclusive presumption arises on appeal that the evidence was sufficient to sustain the trial court judgment; but the appellant complains here, on two counts, of the overruling both of its general demurrer, and what it terms its "special exception" to the appellee's trial petition.

■ This court, however, is unable to find from the record as brought here, that any special exception had been presented to and passed upon by the trial court in due order of pleadings; indeed, the recitation in the judgment itself, which appellant's attorney is credited in the appellee's brief with having written, indicates the contrary, as follows: "but the trial court thereupon overruled and refused to consider said special exception for the reason, as given by the court, that said special exception had not been reduced to writing and filed in this cause and presented to the Court before the parties announced ready on the law and facts."

■ As concerns the overruling of the general demurrer, that complaint is overruled, as being wholly without merit; a résumé of the material provisions of the appellee's petition may thus be made:

"1. That heretofore, to-wit, on or about April 19, 1937, plaintiff executed a note to Marcus H. Clark Motor Company, for the sum of $927.16, payable at the office of Texas Acceptance Corporation in 24 monthly payments of $25.00 each, and a last installment of $327.16; that plaintiff paid $600.00 in monthly installments as in said note provided; that plaintiff borrowed the money from the defendant to pay the last installment of $327.16, and said original note was thereby discharged and fully paid.

2. That in refinancing the last installment of $327.16, the plaintiff and defendant entered into a usurious contract wherein and whereby the plaintiff executed a note for $425.00 to defendant, payable in 17 monthly installments of $25.00 each; that said usurious contract was entered into on or about May 5, 1939; that plaintiff fully paid defendant said note in 17 consecutive months thereafter, and that defendant exacted from the plaintiff the sum of $97.84 in excess of the principal sum of said note,

for the use, forbearance, and detention of said money, and that such sum so exacted is far in excess of the maximum rate of interest allowed by law; that the usurious interest charged by the defendant upon said contract is void; that such usurious interest was fully paid by plaintiff to the defendant; that under and by virtue of the statutes of Texas, plaintiff is entitled to recover from the defendant a sum in double the amount of such usurious interest had and received by the defendant; that the said defendant thereby became indebted to plaintiff in the sum of $195.78, as by law prescribed; that all of such usurious interest was paid within a period of two years, next preceding the filing of this suit."

This pleading is held not to have been obnoxious to the general demurrer, especially as to the claim that it was so, because it was not verified, under these authorities:

R.S.Articles 5073 and 5071; Barnes v. Sparks, 62 Tex.Civ.App. 451, 131 S.W. 610, 611; Guaranty State Bank v. Greer, Tex. Civ.App., 261 S.W. 484; Houston & T. C. Ry. Co. v. Southern Architectural Cement Stone Co., 112 Tex. 139, 245 S.W. 644; Lone Star Finance Corporation v. Hackworth, Tex.Civ.App., 74 S.W.2d 707; United Finance Corporation v. Smith, Tex.Civ. App., 128 S.W.2d 419; Pfeiffer v. Wilke, Tex.Civ.App., 107 S.W. 361.

■ As the cited Hackworth and Smith cases, by this court, make plain, in both of which the Supreme Court dismissed application for writs of error, it is specifically determined that in an affirmative action for usurious interest under R.S.Art.5073, as this one was, the plaintiff is not required to verify his pleadings, and that R.S.Arts. 2010 and 5074, which deal only with usury "as a defense", have no application in such an instance.

■ Moreover, under Rule 18 for the District and County Courts, 67 S.W. XXI, the oral "special exception" to the appellee's petition in this instance, so belatedly offered, and which in recited effect was "that it is too vague, indefinite, and uncertain", is thought properly to be regarded as no more than a general exception anyway; so that it could not be held to point out reversible error, even if it did not appear to this court, as already indicated, to have been waived by not having been presented in time and manner as required.

■ These conclusions require an affirmance of the judgment, which is ordered

without penalizing the appellant in ten per cent damages for delay, as the appellee prays for, pursuant to R.S.Article 1860, it not satisfactorily appearing to this court that this appeal has been taken for mere delay.

Judgment affirmed.