Don A. HALL et ux., Appellants,

v.

C–F EMPLOYEES CREDIT UNION, Appellee.

No. 8277.

Court of Civil Appeals of Texas, Texarkana.

April 20, 1976.

Leon Crum, Dallas, for appellants.

Ted H. Mitchell, Mitchell, Morris & Clark, Dallas, for appellee.

CORNELIUS, Justice.

Appellee filed suit against appellants to collect the balance due on two promissory notes, one dated September 6, 1967 for $9,000.00 and one dated September 28, 1967 for $7,000.00. Appellants answered by general denial and pleas of payment and accord and satisfaction, and also filed a counterclaim asserting they had overpaid appellee to the extent of $1,400.00.

■ Although appellants made timely demand for a jury and paid the jury fee, on the day set for trial they failed to appear either in person or by attorney. Their failure to appear at the trial constituted a waiver of their right to a jury, under the amendment to Rule 220 effective January 1, 1971. Tex.R.Civ.P. 220; 3 McDonald, Tex.Civ. Practice, Sec. 11.03.2, p. 107. Judgment was rendered in appellee's favor for the sum of $21,729.07 principal, interest and attorneys fees. Appellants' motion for new trial was overruled, and they have perfected this appeal.

The court reporter was not present when judgment was taken, and the record does not show what evidence, if any, was adduced in support of either the merits of appellee's suit or the amount of the recovery. Appellants contend the failure of the court to have the reporter present deprived them of the opportunity to obtain a statement of facts and requires that a new trial be ordered. Appellee says the absence of a statement of facts is harmless because the demand was liquidated, and in the absence of appellants, the court was authorized to enter judgment and calculate the recovery by reference to the instrument sued upon and the pleadings without taking evidence.

■ Although the trial court in its judgment characterized the proceedings below as a trial before the court, the parties to this appeal have treated the judgment as a default judgment. If the judgment was a default judgment (that is, one rendered upon the pleadings without the taking of evidence) it was unauthorized because appellants had both an answer on the *merits* and a counterclaim on file, and their failure to appear at the trial constituted neither an abandonment of their pleadings nor an implied confession of any issue thereby joined. Thus, neither a judgment by default nor a judgment nihil dicit was proper. *Frymire Engineering Company, Inc., v. Grantham*, 524 S.W.2d 680 (Tex.1975) and cases there cited; 4 McDonald, Tex.Civ. Practice, Sec. 17.25, p. 127. In such an event the plaintiff is not entitled to judgment on the pleadings but must proceed to trial and prove his case.

4 McDonald, Tex.Civ. Practice, Sec. 17.25, pp. 127–128. Although sometimes called a default judgment, the judgment entered in such a case is, strictly speaking, not a default but a judgment upon trial. *Webb v. Reynolds,* 207 S.W. 914 (Tex.Comm'n App. 1919, jdgmt. adopted).

 If the judgment here was rendered after presentation of evidence in a trial to the court, the failure to have the court reporter present to make a record constituted reversible error. *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.,* 525 S.W.2d 312 (Tex.Civ.App. Dallas 1975, writ ref'd). It cannot be said that such error is harmless, because without a statement of facts this court is unable to determine if sufficient evidence was submitted to support the judgment. *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.,* supra. Nor can we presume there was such evidence, for that presumption only applies where a statement of facts is available. *Dugie v. Dugie,* 511 S.W.2d 623 (Tex.Civ.App. San Antonio 1974, no writ).

 Moreover, appellee's claim here must be considered unliquidated, which would require the presentation of evidence on the balance due even if there was no dispute as to liability. For the purpose of assessing damages without the necessity of presenting evidence, a claim on a written instrument is liquidated when the amount due can be calculated by the court solely from the instrument and the *factual* allegations of the petition. *Buttrill v. Occidental Life Ins. Co.,* 45 S.W.2d 636 (Tex.Civ.App. Dallas 1931, no writ); *Western Lumber Co. v. Chicago, R. I. & G. Ry. Co.,* 180 S.W. 644 (Tex.Civ.App. Amarillo 1915, no writ). Even a claim which objectively appears to be liquidated may be classified as unliquidated when the petition fails to allege specific facts with regard to the written instrument as to the amounts paid, or the due dates, or the dates of default, but merely alleges that plaintiff has made proper calculations of the total balance due. *Freeman v. Leasing Associates Inc.,* 503 S.W.2d 406 (Tex.Civ.App. Houston 14th Dist. 1973, no writ); *C & H Transportation Company v. Wright,* 396 S.W.2d 443 (Tex.Civ.App. Tyler 1965, writ ref'd n. r. e.).

Concerning the $9,000.00 note, appellee's petition alleged the date, the principal amount, and the interest provided by the note, and then alleged that "after allowing all just and lawful credits and offsets, the *balance* remaining due and unpaid is $12,-511.88." It does not specify what payments were made, nor does it allege a failure to make any payment or that the *entire* principal and interest are due. As to the $7,000.00 note, the date, amount, and interest are alleged and then it is only alleged that "the balance remaining" is $524.51. It is obvious that substantial payments were made on that note, but the dates and amounts are not given. These allegations are not sufficiently definite to allow the court to calculate the amount due without considering evidence aliunde or without relying upon appellee's conclusions as to the balance due. Thus, the pleading falls within the rule applied in *Freeman v. Leasing Associates, Inc.,* supra, and the claim must be considered unliquidated.

Appellants' point concerning the denial of a continuance becomes immaterial in view of the conclusions heretofore noted.

The judgment is reversed and the cause is remanded for a new trial.