**James HUGHES, Appellant,**

v.

**Tom JONES and Kress Jones, Appellees.**

**No. 6558.**

Court of Civil Appeals of Texas, El Paso.

Nov. 3, 1976.

Witherspoon, Aikin & Langley, James W. Witherspoon, Marion J. Craig, III, Hereford, for appellants.

Dan Sullivan, Andrews, for appellees.

OPINION

WARD, Justice.

This is an appeal from the granting of a default judgment. Defendant seeks rever-

sal on grounds, among others, that the judgment was based upon unliquidated damages; that the testimony at the trial was not recorded, and no statement of facts is available for review regarding the sufficiency of the evidence on the question of damages; and, finally, that the Defendant, in his motion and on the hearing for the new trial, met the test established in *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124 (Tex.Comm'n App. 1939, opinion adopted). We reverse the judgment and remand the case for a new trial.

This suit was filed by the Appellees, Tom and Kress Jones, who alleged they had been employed by Kent Evans by oral contract to operate a ranch; that thereafter Appellant, Jim Hughes, acquired the ranching operations and continued the employment of the two Appellees; that the Appellees had secured labor liens on the Appellant's cattle on the ranch and they sought their damages, foreclosure of their liens, attorney's fees, and a temporary restraining order prohibiting the Defendant from removing the cattle. The Defendant failed to answer after proper service and judgment by default was rendered in favor of Tom Jones in the amount of $3,006.20, and in favor of Kress Jones in the amount of $1,700.00. Motion for a new trial was timely filed, and, at the hearing, the court reporter testified that no record of the default proceedings was made, and this fact was also stipulated to by the attorney for the Plaintiffs. The motion for a new trial was overruled and this appeal was perfected.

Appellant presents points that he is entitled to a reversal because of insufficiency of evidence to support the judgment, and he is unable to obtain a statement of facts from the official court reporter. He relates that this accords him the mandatory right to a new trial under the authority of *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.,* 525 S.W.2d 312 (Tex.Civ.App.—Dallas 1975, writ ref'd). The Appellees contend the authority is inapplicable as here the default admitted the allegations of damages as the default judgment expressly found that the cause of action was liquidated and was proven by an instrument of writing. Tex. R.Civ.P. 241. The petition of the Appellees was sworn to, and therein the terms of the employment contract were set out at $600.00 to each Plaintiff, together with $100.00 a month for furnishing a pickup truck. It was further alleged that they were paid fully until August 13, 1975, when the Appellant defaulted, and that there accrued in back wages to each Appellee the sum of $1,700.00 and the sum of $1,306.20 to Appellee Tom Jones for the pickup expenses and other ancillary expenses arising from the operation of the ranch. The Appellees contend that the claim is therefore liquidated and, under the terms of Rule 241, is proven by the sworn petition which satisfies the requirement that it be proven by an instrument in writing.

■ We hold that Rule 241 does not apply as nowhere can the amount of damages be accurately calculated by the Court or under its direction from the allegations contained in the Plaintiff's petition. Further, we hold that the sworn petition is not the written instrument contemplated by Rule 241. *Freeman v. Leasing Associates, Inc.,* 503 S.W.2d 406 (Tex.Civ.App.—Houston [14th Dist.] 1973, no writ). As stated in this authority:

> " * * * To hold otherwise would mean that there would be no check upon the accuracy of a plaintiff's claim in a default proceeding."

The recent case of *Hall v. C-F Employees Credit Union,* 536 S.W.2d 266 (Tex.Civ.App. —Texarkana 1976, no writ), was a suit upon promissory notes. That claim was held to be unliquidated as it would require the presentation of evidence on the balance due, even if there was no dispute as to liability. Even with promissory notes present, the generalizations made by the plaintiff in his petition as to the balance due were held insufficient under Rule 241 to allow the Court to calculate the amounts due without further proof.

Since the claim before us was unliquidated, the trial Court had to have heard evidence as to damages. Tex.R.Civ.P. 243. As

a consequence, without a statement of facts the sufficiency of the evidence to support the finding of damages cannot be determined, and the Appellant is entitled to a reversal because of the lack of a record of the evidence heard. *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.,* supra. The Appellant's points in this regard are sustained.

The motion for a new trial filed by the Appellant alleges in detail that the failure to answer was not intentional but was inadvertent; that the failure resulted from mistakes upon the part of the Appellant's attorneys in Andrews and in Hereford; that the Appellant had a meritorious defense and that the granting of the motion would not cause delay in a trial of the case. The motion was sworn to, was supported by affidavits, and testimony was produced regarding all allegations at the hearing on the motion for a new trial. After overruling the motion, the trial Court filed findings of fact and conclusions, and one fact finding was to the effect that the Hereford attorney had no explanation of why he did not file an answer in behalf of the Defendant, Jim Hughes. A series of points are presented by the Appellant challenging this finding and the resulting action of the Court in not granting a new trial. *Craddock v. Sunshine Bus Lines,* supra, sets out the rule as to whether a default judgment should be set aside:

" * * * A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. * * * "

The question in the present case is whether because of inadvertence and mistake an excuse existed for not timely filing an answer. All other requirements of the Rule were met. The Appellant testified that when he received the suit papers, he knew that an answer had to be filed and that he forwarded them to his attorney in Hereford. Local attorneys in Andrews were then contacted, and they devoted their time and attention to securing the release of the cattle from the terms of the temporary restraining order. They were successful in releasing the cattle by filing a bond in the case. They did not file an answer as they expected the answer to be filed by the Hereford attorney. The Hereford attorney testified that he had filed answers for the Appellant in some four other cases; that when he was contacted regarding the suit in District Court in Andrews County, he contacted the local counsel there regarding the release of the cattle from the terms of the temporary restraining order; and that at that time he assumed that an answer would be filed in the suit by local counsel at Andrews. He admitted that he could not say why he made that assumption. We hold that the failure to file the answer under the testimony here was due to inadvertence or oversight, and that it was not the result of conscious indifference on the part of the Hereford attorney. All recent opinions indicate that the trial Court's discretion, concerning the granting of the new trial, should be exercised liberally where there is any showing that the defendant has not intentionally or with conscious indifference ignored his obligation to answer or to appear. 4 McDonald, Texas Civil Practice, Sec. 18.10.2, 269 (1971); *Ward v. Nava,* 488 S.W.2d 736 (Tex. 1972); *Continental Airlines, Inc. v. Carter,* 499 S.W.2d 673 (Tex. Civ.App.—El Paso 1973, no writ); and *Western Union Telegraph Company v. McGinnis,* 508 S.W.2d 147 (Tex.Civ.App.—San Antonio 1974, no writ). We hold under the record and the directions contained in the *Craddock* case that the trial Court abused its discretion in failing to grant the Defendant's motion for a new trial.

Other points presented by the Appellant are not reached. For the reasons stated, the judgment of the trial Court is reversed and the cause is remanded for a trial on the merits.

PRESLAR, C. J., not sitting.