Elwood ROSS, Petitioner,

v.

Alvin B. WALKER, Respondent.

No. B–6730.

Supreme Court of Texas.

July 13, 1977.

Berman, Fichtner & Mitchell, W. W. Mitchell, II, Dallas, for petitioner.

Robert O'Donnell, Dallas, for respondent.

**PER CURIAM.**

Elwood Ross sued Alvin Walker to recover the amount due him under the terms of a loan agreement. Trial was before a jury and, based on its answers to two special issues, the trial court rendered judgment for Ross. The Court of Civil Appeals has reversed and remanded. *Walker v. Ross,* 548 S.W.2d 447 (Tex.Civ.App.—Fort Worth 1977).

The principal amount of the loan to Walker was $50,000. Ross borrowed the $50,000 from the First National Bank of Lancaster at 8½% per annum interest. He then endorsed the check representing the proceeds of the loan and handed it to Walker. Under the terms of the agreement between the parties, Walker agreed to pay the interest on Ross' note to the First National Bank of Lancaster. In addition, Walker executed a note to Ross for the principal sum of $55,000. The jury found that the $5,000 difference between Walker's note to Ross and Ross' note to the Bank was not interest. Rather, the jury found that the $5,000 represented: (1) compensation to Ross "for Ross' services in securing the First National Bank of Lancaster loan"; (2) compensation for some promotional work previously done by Ross for Walker; and/or (3) compensation to Ross for a loss on a prior real estate transaction involving both parties. The Court of Civil Appeals concluded there was insufficient evidence to support a finding that the $5,000 was paid to Ross for reasons (2) and/or (3) above. It also concluded that if the answer to the relevant special issue was based on reason (1), it conflicted with the finding that the $5,000 was not interest. The Court of Civil Appeals reversed and remanded the cause for a new trial, and Ross presented to this Court an application for writ of error.

The remand ordered by the intermediate court is a general remand contemplating a new trial on all issues of fact and law. It was Ross' contention in the lower courts that the $5,000 in question was compensation for services separate and apart from his loan to Walker. In *Greever v. Persky,* 140 Tex. 64, 165 S.W.2d 709 (1942), this Court wrote:

. . . a lender may, without violating the usury law, make an extra charge for any distinctly separate and additional consideration other than the simple lending of the money [citations omitted]; and where there is any dispute in the evidence as to whether there was any other separate and additional consideration, a question of fact is raised for the jury. *Id.* at 712. The opinion of the Court of Civil Appeals states that the $5,000 difference between Ross' loan from the Bank and his loan to Walker was interest. However, the evidence does not conclusively establish the nature and purpose of the $5,000 payment. On retrial Ross should have the opportunity to prove that the payment was for services separate and apart from the $50,000 loan and was not compensation "for the use or forbearance or detention of money". Tex.Rev.Civ.Stat.Ann. art. 5069, § 1.01(a) (1971).

The writ is refused, no reversible error.