Marie O'CONNOR, Appellant,

v.

R. B. LAMB, Appellee.

No. 20146.

Court of Civil Appeals of Texas, Dallas.

Dec. 31, 1979.

Rehearing Denied Jan. 29, 1980.

Timothy Blakeley, Geary, Stahl & Spencer, Dallas, for appellant.

Lennox C. Bower, Dallas, for appellee.

Before AKIN, CARVER and HUMPHREYS, JJ.

CARVER, Justice.

Marie O'Connor appeals from a judgment against her on a promissory note in favor of R. B. Lamb. We agree with O'Connor's complaint on appeal that Lamb contracted for and charged interest on the note in excess of double the amount allowed by law thus rendering the debt unenforceable and imposing a penalty of twice the interest charged plus attorney's fees. Consequently, we reverse and render judgment in favor of O'Connor, discharge the note and assess a penalty in favor of O'Connor for $1,000, that being twice the unlawful interest charged. We reverse and remand for trial the claim of attorney's fees for O'Connor's attorneys.

The principal amount of the loan Lamb made to O'Connor was $2,500. In order to make the loan, Lamb borrowed the $2,500 from his own bank on his own credit. Lamb then delivered the $2,500 in cash to O'Connor. In exchange, Lamb required O'Connor to execute a promissory note in the amount of $3,000, payable in 90 days. At the expiration of 90 days, O'Connor was unable to pay and Lamb brought suit on the note for $3,000. O'Connor answered and filed a counterclaim alleging that the $500 difference between the amount of the loan and the amount of the note constituted

"interest" and thus exceeded by more than twice the lawful interest rate. O'Connor prayed for twice the amount of usurious interest charged, that the note be discharged, and for attorney's fees.[1] The trial court rendered judgment for Lamb on the note for $3,000 plus attorney's fees and ordered that O'Connor take nothing on her counterclaim. It is from this judgment that O'Connor has appealed.

■ Lamb contends that the judgment is correct because he rendered "services" in addition to making the loan, i. e., he had earlier cashed a check for O'Connor after banking hours and, in this loan transaction, he had borrowed the money from a bank and had delivered the loan proceeds to O'Connor's office. The "service" rendered by Lamb in cashing the check antedated the loan transaction. Furthermore, there is no testimony in the record of an agreement to pay for such service at the time rendered, which later could be deemed to justify all or any part of the $500 Lamb added to the loan transaction. The "service" rendered by Lamb borrowing the money from a bank and in the delivery of the loan proceeds to O'Connor's offices was a part of the loan transaction itself as Lamb testified the money was exchanged for O'Connor's note at that time. Lamb did not testify that there was any knowledge of or an agreement by O'Connor to pay for this asserted service.

■ Neither can the $500 charge be justified as a fee for negotiating a loan with the bank. In determining whether a loan transaction is usurious, it is substance, rather than form, that is investigated. *Schmid v. City National Bank of Wichita Falls*, 132 Tex. 115, 114 S.W.2d 854 (1938). An agent or a broker may lawfully charge a commission or a fee for his services in negotiating a loan with a third party, and the fee or commission will not be taken into consideration in determining whether or not the loan was usurious. *Greever v. Persky*, 140 Tex. 64, 165 S.W.2d 709, 711 (1942); *See also Crow v. Home Savings Association of Dallas County*, 522 S.W.2d 457 (Tex.1975). A fee or commission, however, may not be charged by a party who merely lends his own money. *Greever v. Persky; Walker v. Ross*, 548 S.W.2d 447 (Tex.Civ.App.—Fort Worth), *writ ref'd n. r. e. per curiam*, 554 S.W.2d 189 (Tex.1977). Consequently, if Lamb acted as a broker or agent in the sense that he negotiated a loan between O'Connor and the bank, then his "fee" for obtaining the loan, i. e., the $500, is not interest but rather a valid charge for services rendered. If, on the other hand, Lamb is himself the lender, then the $500 differential is compensation for the use, forbearance or detention of money and does constitute interest. *See Walker v. Ross*, 548 S.W.2d at 450.

■ The undisputed facts of this case show that Lamb was the lender rather than a broker. Lamb did not endorse a loan from the bank to O'Connor, nor did he act as a surety or guarantor on a bank loan. Rather, the loan was made directly from Lamb to O'Connor. No third party was involved. Borrowing money on his own credit in order to obtain the cash to make a loan to O'Connor did not authorize Lamb to charge a fee or commission. Consequently, the $500 included in the note in excess of the money actually advanced must be considered interest.

■ Tex.Rev.Civ.Stat.Ann. art. 5069–1.02 (Vernon 1971) establishes the maximum rate of interest that may be charged on this class of loan at ten percent per annum. Lamb made a loan of $2,500 to O'Connor for 90 days only. The $500 charge represents an annual interest rate in excess of eighty percent per annum. The statute is violated by charging more than double the lawful charge invoking the penalties of Tex.Rev.Civ.Stat.Ann. art. 5069–1.06 (Vernon 1971), providing in part:

(1) Any person who contracts for, charges or receives interest which is greater than the amount authorized by this Subtitle, *shall forfeit to the obligor*

---

1. At the time of judgment, Tex.Rev.Civ.Stat. Ann. art. 5069 1.06 (Vernon 1971) was in effect but has since been amended. 1979 Tex.Sess. Law.Serv., ch. 281, pp. 604–605 (Vernon).

twice *the amount of interest contracted for*, charged or received, *and reasonable attorney fees* fixed by the court provided that there shall be no penalty for a violation which results from an accidental and bona fide error.

(2) Any person who contracts for, charges or receives interest which is in excess of double the amount of interest allowed by this Subtitle *shall forfeit as an additional penalty, all principal as well as interest and* all other charges and shall pay *reasonable attorney fees* set by the court; provided further that any such person violating the provisions of this section shall be guilty of a misdemeanor and upon conviction thereof shall be punished by fine of not more than One Thousand Dollars. Each contract or transaction in violation of this section shall constitute a separate offense punishable hereunder. [Emphasis added.]

. . . . .

Under our record O'Connor is entitled to the penalties provided in art. 5069–1.06, being a recovery of twice the interest charged, discharge of the note and reasonable attorney fees. Only the amount of the attorney fees is unresolved by the record and must be remanded. Accordingly, we reverse and render judgment (1) that the note is discharged because the interest charged is more than double the lawful rate and (2) that the borrower O'Connor have judgment against the lender Lamb for $1,000, being twice the unlawful interest charged. We reverse and remand for trial the claim for attorney fees due O'Connor from Lamb.

Reversed and remanded with instructions.