Esteban ALEJO, M.D., Appellant,

v.

A. G. PELLEGRIN, M.D., Appellee.

No. 16768.

Court of Civil Appeals of Texas, San Antonio.

April 8, 1981.

Rehearing Denied May 6, 1981.

Sharon Trigo, Laredo, for appellant.

George J. Person, Laredo, for appellee.

## OPINION

CADENA, Chief Justice.

Defendant, Esteban Alejo, M.D., seeks review by writ of error of a summary judgment rendered against him and in favor of plaintiff, A. G. Pellegrin, M.D., by the 111th Judicial District Court of Webb County.

The summary judgment was signed on July 23, 1980. Defendant timely filed an appeal bond and attempted to seek review of the judgment by appeal. On October 22, 1980, this court denied defendant's motion for extension of time to file the transcript and dismissed the appeal. The mandate was issued by the clerk of this court on January 7, 1981.

On January 19, 1981, within six months after rendition of the final judgment on July 23, 1980, defendant filed a petition for writ of error and an instrument designated as a "supersedeas bond." This bond recited that defendant desired to suspend execution of the judgment pending determination of the petition for writ of error and was conditioned "that Petitioner shall abide by the decision of the court on the Petition for Writ of Error; and in case the decision shall be against him, he shall perform its judgment, sentence of [sic] decree, and pay all such damages as said court may award against him."

On January 29, 1981, defendant filed an instrument designated "bond", conditioned that "Petitioner shall prosecute his Writ of Error with effect and pay all costs which have been accrued in the Trial Court."

Plaintiff argues that since no cost bond was filed until January 29, 1981, and the writ of error was not perfected within six months after the July 23, 1980, judgment,

as required by Article 2255, Tex.Rev.Civ. Stat.Ann. (Vernon 1971), this court must dismiss the petition for writ of error.

■ A supersedeas bond, if timely filed, may serve as a cost bond. While the bond filed on January 19 in this case does not contain language expressly obligating defendant and the sureties to pay all costs which have accrued in the trial court and the cost of the statement of facts and transcript, the undertaking by defendant and the sureties to perform the judgment of the appellate court clearly obligates them to pay such costs as are assessed against defendant by the appellate court, so that the absence of the language prescribed by Rule 354(a), Tex.R.Civ.P. (1980), is irrelevant. *Cooper v. Bowser,* 583 S.W.2d 805 (Tex.Civ. App.—San Antonio 1979, no writ).

■ The bond filed on January 19, 1981, was sufficient to perfect the writ of error.

■ Plaintiff argues that defendant may not seek review of the judgment below by writ of error because he or his attorney participated in the trial. *See* Article 2249a, Tex.Rev.Civ.Stat.Ann. (Vernon 1971).

According to plaintiff, defendant participated in the trial by (1) filing an answer, a motion to substitute service, a motion for continuance, and an affidavit in opposition to plaintiff's motion for summary judgment; (2) attending and taking part "in the hearing had on Plaintiff's Motion for Summary Judgement [sic] and in Plaintiff's Motion to Reconsider Plaintiff's Motion for Summary Judgment"; and (3) giving notice of appeal.

The judgment entered in this case does not reflect that plaintiff was present, either in person or by attorney, at any hearing on plaintiff's motion for summary judgment. The judgment merely recites that plaintiff's "Supplemental Motion for Summary Judgment" was heard on July 23, 1980. The judgment does not recite the presence of either party or of any attorneys.

It is settled that the mere filing of pleadings does not constitute participation in the trial as contemplated by Article 2249a.

Since a party may abandon an appeal and sue out a writ of error from the same judgment, it necessarily follows that the giving of notice of appeal does not constitute such participation as will bar the right to seek review by writ of error. *See Crawford v. City of Houston*, 487 S.W.2d 179 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n. r. e.).

The motion to dismiss the writ of error is overruled.