**Bill R. FEARS, Indiv., & As Officer & Director of Bill Fears Mobile Offices, Inc., Appellant,**

v.

**MECHANICAL & INDUSTRIAL TECHNICIANS, INC., Appellee.**

No. 12–81–0072–CV.

Court of Appeals of Texas, Tyler.

May 26, 1983.

Rehearing Denied Aug. 4, 1983.

James S. Taylor, Jr., Houston, for appellant.

Michael Crawford, Houston, for appellee.

SUMMERS, Chief Justice.

Appellant (hereinafter Fears) petitions this court by writ of error to review an adverse default judgment. Appellee has moved to dismiss appellant's petition for writ of error for want of jurisdiction.

We overrule appellee's motion to dismiss and affirm the default judgment.

Mechanical & Industrial Technicians, Inc., plaintiff in the trial court (appellee herein) brought this action on August 19, 1980, pursuant to Art. 5069–1.06(2)[1] of the Texas usury laws, alleging a usurious transaction between appellant and appellee. In its original petition appellee asserts that Fears on June 11, 1980, loaned Mechanical & Industrial Technicians, Inc., $35,000.00 cash in exchange for a $46,000.00 secured note[2] for a term of 30 days and that Fears then collected the entire proceeds of the security in the sum of $45,237.04.

Appellee sought recovery against Fears for (1) the principal sum of $35,000.00; (2) the interest paid of $10,237.04; and (3) attorney's fees of $15,000.00 and costs. Citation was served on October 1, 1980, and on October 24, 1980, Fears filed his original answer consisting of only a general denial. On November 4, 1980, Mechanical & Industrial Technicians, Inc., served Fears with interrogatories, and a request for production of documents, both of which were received and signed for by Fears' attorney of record. The record further shows that Fears made no objection or response of any kind to either the interrogatories or the request for production of documents.[3] On December 16, 1980, appellee filed its motion to strike pleadings and enter judgment, and such motion was set for hearing on January 26, 1981. Fears' attorney of record was served with such motion by certified mail at his proper address (as shown by the answer on file) pursuant to Rules 21a and 21b. Although Fears' counsel was notified by the U.S. Postal Service of this mail on three separate occasions, December 16, 1980, December 21, 1980, and December 31, 1980, he failed to accept delivery of such motion. Furthermore, on December 31, 1980, appellee's attorney sent Fears' counsel another notice of said motion by regular U.S. Mail. No response to such notices was made to appellee or to the trial court.

On January 26, 1981, the trial court entered an order striking defendant Fears' answer.[4] Appellee, on February 5, 1981, filed an affidavit in support of attorney's fees and an affidavit in support of his motion to strike pleadings reflecting proper notice. On that same date the court entered default judgment against appellant as prayed for in appellee's petition. Fears filed a motion to set aside judgment on March 16, 1981,[5] and the court denied such

---

1. This and all statutory references are to Tex. Rev.Civ.Stat.Ann. Although plaintiff's petition incorrectly refers to Art. 5079–1.06(2), it alleges facts which bring the case within Art. 5069–1.-06(2).

2. Such note was secured by a service contract and invoice for completed contract between Kaiser Aluminum and Chemical Corp. and appellee.

3. See Rules 167 and 168. This and all references herein to Rules are to Tex.R.Civ.P.

4. See Rule 215a(c).

5. Fears contended in such motion his first notice of the default judgment was by postcard on February 24, 1981, and by receipt of the court's order on February 26 or February 27, 1981.

relief. No timely motion for new trial or appeal was taken by appellant and on April 27, 1981, appellant filed its petition for writ of error.

■ Having given the facts as reflected in the record we now address appellee's dismissal motion which is predicated on Art. 2249a. This statute provides:

No party who *participates* either in person or by his attorney *in the actual trial* of the case in the trial court shall be entitled to review by the Court of Appeals through means of writ of error. (Emphasis added.)

The determinative issue respecting the propriety of this writ of error proceeding is whether appellant Fears' actions in connection with the proceedings in the trial court constituted such participation as to preclude a writ of error review by this appellate court.

The extent of participation in the actual trial or proceeding that disqualifies an appellant under Art. 2249a from review by means of a writ of error appears to be one of degree and the provisions of the article have been held to be mandatory and jurisdictional. *Leuer v. Smith,* 335 S.W.2d 775 (Tex.Civ.App.—San Antonio 1960, no writ). The intendment of and the rationale underlying Art. 2249a was expressed by our Supreme Court in *Lawyers Lloyds of Texas v. Webb,* 137 Tex. 107, 152 S.W.2d 1096, 1097–1098 (1941), in these words:

. . . The *statute was intended to cut off the right of appeal by writ of error of those who participate in the hearing in open court in the trial* that leads to final judgment. It was not intended to cut off the right of those who discover that a judgment has been rendered against them after the judgment has been rendered, and who participate only to the extent of seeking a new trial. (Emphasis added.)

Appellee cites *Thacker v. Thacker,* 496 S.W.2d 201 (Tex.Civ.App.—Amarillo 1973, writ dism'd), wherein appellant's writ of error was dismissed because she elected to absent herself from a hearing on motion for summary judgment without requesting a continuance after having been adjudged chargeable with notice of the court's action taken at the hearing. The court reasoned that she was in a position to utilize the more speedy method of appeal, and held that under these circumstances the petitioner sufficiently participated as a party and as an attorney in the actual trial of the case in the trial court within the purview of the writ of error statute. The instant case is clearly distinguishable from *Thacker.* Appellee also cites *Nutter v. Phares,* 523 S.W.2d 292 (Tex.Civ.App.—Beaumont 1975, writ ref'd n.r.e.); *Lewis v. Beaver,* 588 S.W.2d 685 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ); and *Blankinship v. Blankinship,* 572 S.W.2d 807 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ), all involving actual participation in the proceedings by the complainant or their attorney and thus distinguishable from the case at bar.

The judgment entered in this case does not reflect that appellant was present either in person or by his attorney. Appellant's only involvement in the case was the answer filed on October 24, 1980. The mere filing of an answer by defendant/appellant does not constitute participation in the actual trial as contemplated by Art. 2249a. *See, Alejo v. Pellegrin,* 616 S.W.2d 331, 332 (Tex.Civ.App.—San Antonio 1981, writ dism'd); *Thacker v. Thacker, supra* at 203; *Petroleum Casualty Co. v. Garrison,* 174 S.W.2d 74, 76 (Tex.Civ.App.—Beaumont 1943, writ ref'd w.o.m.). Appellee's motion to dismiss review by writ of error is overruled.

■ We next address the petition for writ of error. The four elements necessary for a review by writ of error are: (1) it must be brought within six months of the date of judgment; (2) by a party to the suit; (3) who did not participate in the trial; and (4) error must be apparent from the face of the record. In the case at bar the writ of error was filed within six months of the date of judgment by Fears, a party to the suit, and we have already determined that he did not participate in the trial. The remaining question is wheth-

er there was error on the face of the record. In six points Fears contends the following constitutes such error:

1. The trial court was without authority to impose sanctions without notice and hearing.

2. The trial court denied appellant's due process by granting default judgment as a sanction where appellant was not given notice or the opportunity to be heard.

3. The trial court abused its discretion in imposing the sanction of striking pleadings and entering default judgment.

4. The trial court erred in failing to have a record made of evidence given at the default hearing.

5. The trial court erred in not having an evidentiary hearing.

6. The trial court erred in granting default judgment on appellee's unverified petition alleging a plea of usury.

Appellant's first three points all involve the allegation that he had no notice of the motion for the sanctions imposed and was not afforded a hearing before sanctions were granted. Appellant does not dispute the fact that his counsel received the interrogatories and request to produce documents but made no answer or response thereto.

The record further reflects that no motion was filed alleging mistake, lack of information, lack of notice, reason for delay or any other cause for failure to answer the interrogatories or request for production of documents. The purpose of the discovery rules is to augment and facilitate the trial process in resolving the actual issues in dispute. The latest amendment to the rules, effective January 1, 1981, were promulgated to further this purpose. We hold that under Rules 168 and 215a (before *or* after the 1981 amendments) the trial court's action in striking Fears' answer was proper.

The proper method of giving notice is provided by Rule 21a *Notice* which provides for either (1) by delivery to party, his agent or attorney, *or* (2) by registered (certified mail Rule 21b) mail to his last known address. Rule 21a then provides:

> Service by mail shall be complete upon deposit of the papers, enclosed in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service.... A written statement by an attorney of record, ... showing service of a notice shall be prima facie evidence of the fact of service.

The record reflects that appellee mailed the motion to strike pleadings and enter judgment in conformity with Rules 21a and 21b. As shown by appellee's affidavit and notations of the U.S. Postal Service the Postal Service gave appellant's attorney notice of the certified mail on three separate occasions. Appellant argues that since notice was not actually received their motion of March 16, 1981, to set aside judgment and the allegations therein served to rebut actual notice. We do not agree with this argument as the appellate court will look only to the record of the trial court in determining writs of error. *See, Texaco, Inc. v. McEwen,* 356 S.W.2d 809 (Tex.Civ.App.—Dallas 1962, writ ref'd n.r.e.). Not only were the requirements of service met in compliance with the rules, but appellant, having been cited and having filed an answer, is chargeable with notice, as a matter of law, of all subsequent action taken in his case, down to and including judgment although he may have no actual notice thereof. *MacKay v. Sexton,* 469 S.W.2d 441 (Tex.Civ.App.—Dallas 1971, no writ); *Southwestern Bell Telephone Co. v. West,* 417 S.W.2d 297 (Tex.Civ.App.—Tyler 1967, writ ref'd n.r.e.).

Appellant cites several cases for his position that sanctions may only be imposed when notice and opportunity to be heard is given. In *Sears, Roebuck & Company v. Hollingsworth,* 156 Tex. 176, 293 S.W.2d 639 (1956), the court held that sanctions for *partial failure to answer* interrogatories may only be imposed after an order is entered commanding the answer, and the party has notice and an opportunity to be heard on his refusal to answer. In the instant case appellant made *no answer* to

interrogatories and the trial court was authorized to impose sanctions without a prior order by the court commanding an answer. Rules 168 and 215a(c). When a party *wholly fails to answer* any of the interrogatories, the propounding party may immediately move for the imposition of sanctions without first seeking and obtaining an order from the court requiring an answer to interrogatories. *Lewis v. Illinois Employers Insurance Company,* 590 S.W.2d 119, 120 (Tex.1979); *Pearson Corp. v. Wichita Falls Boys Club,* 633 S.W.2d 684 (Tex.App.—Fort Worth 1982). Appellant also cites *Phillips v. Vinson Supply Co.,* 581 S.W.2d 789 (Tex. Civ.App.—Houston [14th Dist.] 1979, no writ); *Smith v. Wilkins,* 577 S.W.2d 522 (Tex.Civ.App.—Texarkana 1979, no writ); and *Lueg v. Tewell,* 572 S.W.2d 97 (Tex.Civ. App.—Corpus Christi 1978, no writ). All of these cases are factually distinguishable from the case at bar. In view of the foregoing, we find that appellant's contentions that his due process rights were violated and that the trial court abused its discretion in entering default judgment are without merit. Points one, two and three are overruled.

The issue raised by appellant's fourth and fifth points is whether the default judgment rendered in the trial court was based on liquidated damages under Rule 241 or unliquidated damages governed by Rule 243. The parties here differ as to what type of claim existed resulting in the default judgment. The judgment in this case was based upon the plaintiff's original petition and the attached exhibits made a part thereof. In disposing of the first three points we have held that defendant's answer was properly stricken by the court upon appellee's motion to strike pleadings. The final judgment in this case was essentially in the posture of a no-answer default made so by the court's striking of defendant's answer. Moreover, we have reviewed the question as to whether the court's judgment was actually in the nature of a nihil dicit. While there is a difference between a no-answer default and a judgment nihil dicit, the general rule is that the two are so similar that the same rules apply to each with respect to the effect and validity of the judgment. *Stoner v. Thompson,* 578 S.W.2d 679 (Tex.1979); *Storey v. Nichols,* 22 Tex. 87 (1858); see 49 C.J.S. Judgments § 187 at 325 (1947); Pohl and Kirlin, *Judgments by Default—A Survey of Texas Law,* 31 Sw.L.J. 465 (1977). In both instances, it is said that the non-answering party has *admitted* the facts properly plead and the claim of the plaintiff, although a judgment nihil dicit [6] carries an even stronger confession than the default judgment. *Stoner, supra,* at 682; and cases cited therein.

A judgment must be based upon the pleadings, and in determining whether a cause of action was plead, plaintiff's pleadings must be adequate for the court to be able, from an examination of the plaintiff's pleadings alone, to ascertain with reasonable certainty and without resorting to information aliunde, the elements of plaintiff's cause of action and the relief sought with sufficient information upon which to base a judgment. *Stoner v. Thompson, supra* at 683. The controlling principle of a default judgment *or* a nihil dicit, where no answer putting the merits of the case in issue is on file, is that a default judgment will stand if the plaintiff has alleged a claim upon which the substantive law will give relief, and has done so with *sufficient particularity to give fair notice* to the defendant of the complaint. In the instant case from the pleadings and exhibits made a part of plaintiff's original petition Fears had fair notice of the relief sought by the pleadings. Fears was charged with notice of all pleadings that had been filed and served on him or his attorney. Moreover, whether the judgment be in the nature of a nihil dicit, a post-answer default *or* made a

---

**6.** A true nihil dicit judgment is usually limited to situations where (1) the defendant has entered some plea, usually of a dilatory nature, but such plea has not placed the merits of the plaintiff's case in issue, or (2) the defendant has placed the merits of the case in issue by filing an answer but such answer has been withdrawn. See *Frymire Engineering Company, Inc. v. Grantham,* 524 S.W.2d 680 (Tex.1975), and cases cited therein.

no-answer default by the striking of defendant's answer they are all treated substantially the same way and the default judgment admits facts which are properly alleged. *Stoner v. Thompson, supra* at 684; *Fitz v. Toungate,* 419 S.W.2d 708 (Tex.Civ. App.—Austin 1967, writ ref'd n.r.e.).

Appellant contends that the court erred in failing to have a record made of evidence given at the default hearing. The record discloses that Fears requested a statement of facts from the official court reporter and the reporter returned his affidavit stating that "[t]here was no testimony taken in said cause and that no statement of facts can be done." Fears contends that this affords him the mandatory right to a new trial relying on the case of *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.,* 525 S.W.2d 312 (Tex.Civ.App.—Dallas 1975, writ ref'd). Appellees, however, contend that the authority and argument posed by appellant is inapplicable as in the instant case the default judgment admitted the allegations of damages, and thus being a liquidated claim, the court was able to calculate the damages by reference only to the instruments sued upon and the pleadings without receiving oral testimony or other evidence at an evidentiary hearing. Appellee urges that its pleadings clearly show that this action is brought under the usury statutes, which provide for statutory penalties and forfeiture of interest, principal and reasonable attorney's fees when the amount of interest exceeds 20%.

■ The essential elements of a usurious transaction are: (1) a loan of money; (2) an absolute obligation that the principal be repaid; and (3) the exaction of a greater compensation than allowed by law for the use of the money by the borrower. *Holley v. Watts,* 629 S.W.2d 694 (Tex.1982); *Pansy Oil Co. v. Federal Oil Co.,* 91 S.W.2d 453,

455 (Tex.Civ.App.—Texarkana 1936, writ ref'd). The claim as asserted by appellee's petition meets all elements allowing us to conclude that a usurious transaction did occur. Moreover, in determining whether a loan transaction is usurious, it is substance rather than form that is investigated. *O'Connor v. Lamb,* 593 S.W.2d 385 (Tex.Civ. App.—Dallas 1979, no writ).

■ Fears contends that the claim asserted by appellee is neither liquidated nor based on an instrument in writing, citing *Hughes v. Jones,* 543 S.W.2d 885 (Tex.Civ. App.—El Paso 1976, no writ); and *Hall v. C–F Employees Credit Union,* 536 S.W.2d 266 (Tex.Civ.App.—Texarkana 1976, no writ). In these cases the courts held that Rule 241 (liquidated claims) was inapplicable because the amount of damages could not be accurately calculated by the court or under its direction from the allegations contained in the plaintiff's petition. Thus the facts in *Hughes* and *Hall* are distinguishable from the case at bar. Damages may not be assessed in a default proceeding without presenting evidence *unless* the claim is liquidated, that is, when the amount due can with sufficient certainty be calculated by the court solely from the instrument sued upon and the *factual* as opposed to conclusory allegations of the petition. *Burrows v. Bowden,* 564 S.W.2d 474 (Tex.Civ.App.— Corpus Christi, 1978); *C & H Transportation Company, Inc. v. Wright,* 396 S.W.2d 443 (Tex.Civ.App.—Tyler 1965, writ ref'd n.r.e.); Rule 241 and Rule 243.[7] We find that appellee's petition herein states a liquidated claim as it includes sufficient factual allegations to allow the court to conclude that a usurious transaction occurred and accurately calculate the damages thereunder. Compare *Burrows v. Bowden, supra* at 476. The allegations made a part of plaintiff's original petition[8] reflect the true principal amount of the note as $35,000.00 and the receipt of $45,237.04 by Fears re-

7. Rule 241 provides that after a default judgment has been taken on a liquidated claim proved by a written instrument, "damages shall be assessed by the court or under its direction." Rule 243 provides that if a claim is unliquidated or not proved by a written instrument, the trial court must hear evidence as to damages.

8. In the original petition appellee alleged that Fears loaned appellee the sum of $35,000.00 for thirty (30) days and prepared a promissory note in the amount of $46,000.00, that Fears took possession of appellees' receivable and withdrew the same being the sum of $45,237.04. Consequently, the $10,237.04 in excess

sulted in the payment to Fears of interest in the sum of $10,237.04 in addition to the principal amount of $35,000.00.

Article 5069–1.06 provides that any person who *"contracts for, charges or receives"* interest in excess of the amount authorized by law shall be liable for the penalties set forth in the article.... By describing the conditions precedent to recovery of penalties in the disjunctive, the Legislature made it clear that *only one such condition need occur to trigger penalties, either a contract for, a charge of or receipt of usurious interest."* (Emphasis added.) *Windhorst v. Adcock Pipe and Supply,* 547 S.W.2d 260 (Tex.1977); *Mecey v. Seggern,* 596 S.W.2d 924 (Tex.Civ.App.—Austin 1980, writ ref'd n.r.e.).

Article 5069–1.02 provides:

Except as otherwise fixed by law, the maximum rate of interest shall be ten percent per annum. A greater rate of interest than ten percent per annum unless otherwise authorized by law shall be deemed usurious. All contracts for usury are contrary to public policy and shall be subject to the appropriate penalties prescribed in Article 1.06 of this Subtitle.

This article mirrors the provision in Tex. Const. art. XVI, § 11 (Supp.1980), as amended November 8, 1960: "... [I]n the absence of legislation fixing maximum rates of interest *all contracts* for a greater rate of interest than ten percentum (10%) per annum shall be deemed usurious...." (Emphasis added.) Both the constitution and article 5069–1.02 speak in terms of "all contracts." "All contracts" includes both oral and written agreements. *Glenn v. McCarty,* 130 S.W.2d 295, 301–2 (Tex.Civ. App.—Amarillo 1939) *aff'd* 137 Tex. 608, 155 S.W.2d 912 (1941).

 The June 11, 1980, loan of $35,-000.00, and Fears' receipt of $45,237.04 is a

completed transaction in which it is evident that interest in excess of 10% per annum had been *charged* or *received* by Fears.[9] This charge or receipt of usurious interest rightfully triggered the penalty provisions of Article 5069–1.06. The damages are readily and easily determinable from the petition and exhibits and thus are liquidated under Rule 241 allowing the proper assessment of damages, interest and attorney's fees[10] without an evidentiary hearing. Appellant's fourth and fifth points are overruled.

In his final point appellant contends that the court erred in granting default judgment on appellee's unverified petition alleging a plea of usury. Fears cites *Wall v. East Texas Teacher's Credit Union,* 533 S.W.2d 918 (Tex.1976), wherein the court held a defendant's answer alleging a defense of usury must be verified under Rule 93(*l*) unless the usury is apparent on the face of the instrument relied upon. Rule 93(*l*) is clearly applicable by its terms to a defendant's answer pleading a defense of usury and was so applied in *Wall.* Said rule does not govern a plaintiff's petition, as in the instant case, to recover liquidated damages arising out of a usurious transaction. *Lone Star Finance Corporation v. Hackworth,* 74 S.W.2d 707 (Tex.Civ.App.—Galveston 1934, writ dismissed); *Texas Acceptance Corporation v. Simpson,* 154 S.W.2d 281 (Tex.Civ.App.—Galveston 1941, no writ). Appellant's sixth point is overruled.

The judgment of the trial court is affirmed.

of the money actually received must be considered interest.

**9.** A calculation shows that the interest rate charged was 31.428% per month and the interest received was at the rate of 29.248% per month.

**10.** There has been no challenge of the trial court's award of $15,000 as attorney's fees. A

question not presented in a point of error, or by argument under points of error, in appellant's brief cannot be considered on appeal. *Lott v. Lott,* 370 S.W.2d 463, 465 (Tex.1963); *City of Houston v. Socony Mobil Oil Company,* 421 S.W.2d 427, 430 (Tex.Civ.App.—Houston [1st Dist.] 1967, writ ref'd n.r.e.).